# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

H&H PHARMACEUTICALS, LLC,              )
                                       )
                 Plaintiff,            )     Case No.: 2:16-cv-02148-GMN-VCF
         vs.                           )
                                       )          **ORDER**
CHATTEM CHEMICALS, INC., *et al.*,     )
                                       )
                 Defendants.           )
_____)

Pending before the Court is the Motion to Dismiss, (ECF No. 15), filed by Defendants Chattem Chemicals, Inc. ("Chattem") and Sun Pharmaceutical Industries, Inc. ("Sun") (collectively, "Defendants"). Plaintiff H&H Pharmaceuticals, LLC ("Plaintiff") filed a Response, (ECF No. 22), and Defendants filed a Reply, (ECF No. 27). For the reasons discussed below, Defendants' Motion to Dismiss is **GRANTED in part and DENIED in part**.

## I.     BACKGROUND

This case is a dispute concerning the rights and obligations arising from a settlement agreement and a nondisclosure agreement entered into by Plaintiff and Chattem. In its Amended Complaint, (ECF No. 8), Plaintiff makes the following allegations.

Plaintiff H&H was founded in 1999 by Richard Herman ("Herman") and Jacob Hack ("Hack"). (Am. Compl. ¶ 9, ECF No. 8). Prior to 1979, Hack developed, and then contributed to Plaintiff in 1999, chemistry processes for converting certain substances into opiate-based raw materials. (*Id.* ¶ 10). These processes and conversion methods were not available on the open marketplace or generally publicly known. (*Id.*). Plaintiff further alleges that it owns, *inter alia*, confidential information, including trade secrets, as well as other designs, technology, strategies, and plans with respect to its conversion methods (collectively, the "H&H Confidential Information"). (*Id.* ¶ 12).

Chattem "manufactures a variety of active pharmaceutical ingredients (APIs) and performance chemicals used in consumer and industrial markets." (*Id.* ¶ 15). In late 2000, Plaintiff and Chattem entered into a nondisclosure agreement (the "NDA") that the parties would abide by when sharing confidential technology and trade secret information. (*Id.* ¶¶ 17, 18). On December 5, 2000, Plaintiff disclosed the H&H Confidential Information to Chattem. (*Id.* ¶ 22). On December 6, 2000, Plaintiff, "by and through its managers Herman and Hack, verbally entered into a partnership agreement with Chattem, by and through David Blum ("Blum"), Chattem's Vice President, thereby creating a partnership" between Plaintiff and Chattem. (*Id.* ¶ 23). Plaintiff avers that in July 2001, the president of Chattem's holding company sent Herman and Hack a letter reiterating the terms of the partnership that were originally discussed on December 6, 2000. (*Id.* ¶ 26). "Specifically, the letter mentioned that the arrangement is a fifty/fifty (50%/50%) joint venture." (*Id.*). On March 15, 2006, Blum "sent a letter to [Plaintiff] denying the existence of a contractual relationship between Chattem and [Plaintiff]. In the correspondence, Blum states that 'no such relationship exists,' other than that described" in the NDA. (*Id.* ¶ 29). According to Plaintiff, "Chattem breached the partnership agreement by failing to provide [Plaintiff] with 50% of its profits, which instigated the initial lawsuit" between Plaintiff and Chattem, *H&H Pharmaceuticals, LLC v. Chattem Chemicals, Inc., et al.*, 2:07-cv-00430-JCM-RJJ (the "Initial Lawsuit"). (*Id.* ¶ 30).

In October 2007, Plaintiff and Chattem settled their dispute in the Initial Lawsuit and entered into a settlement agreement (the "Settlement Agreement"). (*Id.* ¶ 31). Under Section 6 of the Settlement Agreement, "all provisions of the NDA shall remain in full force and effect and shall in no manner, other than with respect to Plaintiff's release, be diminished." (*Id.* ¶ 33). Section 8 states that "beginning on the Effective Date, which is October 10, 2007, 'for the succeeding five (5) years thereafter, . . . Defendants shall certify on the first Business Day after expiration of each twelve-month . . . period' that they are in compliance with the Settlement

Agreement and the NDA." (*Id.* ¶ 34). According to Plaintiff, Section 24 "states that potential purchasers of Chattem or a Controlling Interest in Chattem must assume Chattem's obligations of both the Settlement Agreement and the NDA (the "Assumption Condition"). Furthermore, Chattem 'shall provide Plaintiff with a statement accepting the Assumption Conditions from the Buyer upon the closing of any such sale.'" (*Id.* ¶ 35).

Plaintiff alleges that from 2008 to 2012, Plaintiff received a "Certification Letter" from Chattem, "representing that Chattem was still complying with all of the terms of the Settlement Agreement and the NDA." (*Id.* ¶ 36). However, in October 2013, Plaintiff discovered that Chattem was purchased by Sun on November 25, 2008. (*Id.* ¶ 45). Plaintiff then learned that Sun was applying for certain licenses using Plaintiff's processes, "which evidences Chattem's violation of the NDA." (*Id.* ¶ 46).

On August 9, 2016, Plaintiff filed its Complaint in Clark County District Court. (Complaint, Ex. A to Petition for Removal, ECF No. 1). Defendants subsequently removed based on diversity jurisdiction. (Petition for Removal, ECF No. 1). Plaintiff then filed its Amended Complaint, (ECF No. 8), setting forth the following causes of action: (1) breach of contract against Chattem; (2) contractual breach of the implied covenant of good faith and fair dealing against Chattem; (3) tortious breach of the implied covenant of good faith and fair dealing against Chattem; (4) breach of fiduciary duty against Chattem; (5) constructive fraud against Chattem; (6) fraudulent concealment against Chattem and Sun; (7) fraudulent misrepresentation against Chattem and Sun; (8) negligent misrepresentation against Chattem and Sun; (9) negligence against Chattem and Sun; (10) unjust enrichment against Chattem and Sun; and (11) civil conspiracy against Chattem and Sun. Defendants now move to dismiss all of Plaintiff's claims for failure to state a claim upon which relief can be granted.

///

///

## II.   **LEGAL STANDARD**

### A.  Rule 12(b)(6)

Dismissal is appropriate under Federal Rule of Civil Procedure ("Rule") 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Twombly*, 550 U.S. at 555.  In considering whether the complaint is sufficient to state a claim, the Court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

The Court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is plausible, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555) (emphasis added).  In order to survive a motion to dismiss, a complaint must allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.*  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. . . . However, material which is properly submitted as part of the complaint may be considered" on a motion to dismiss. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted).  Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party

questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if a court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See* Fed. R. Civ. P. 12(d); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 1992).

If the Court grants a motion to dismiss, it must then decide whether to grant leave to amend. Pursuant to Rule 15(a), the Court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

### B. Rule 9(b)

Rule 9(b) of the Federal Rules of Civil Procedure provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).

> Rule 9(b) serves not only to give notice to defendants of the specific fraudulent conduct against which they must defend, but also to deter the filing of complaints as a pretext for the discovery of unknown wrongs, to protect defendants from the harm that comes from being subject to fraud charges, and to prohibit plaintiffs from unilaterally imposing upon the court, the parties and society enormous social and economic costs absent some factual basis.

*Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1057 (9th Cir. 2011) (citing *Bly–Magee v. California*, 236 F.3d 1014, 1018 (9th Cir. 2001)).

## III. DISCUSSION

Defendants move for dismissal of Plaintiff's eleven claims for failure to state a claim upon which relief can be granted. The Court addresses each claim in turn.

### A. Claim 1: Breach of Contract Against Chattem[1]

In Nevada, breach of contract is "a material failure of performance of a duty arising under or imposed by agreement." *Bernard v. Rockhill Dev. Co.*, 734 P.2d 1238, 1240 (Nev. 1987). To establish breach of contract, a plaintiff must show: "(1) the existence of a valid contract, (2) a breach by the defendant, and (3) damage as a result of the breach." *Tarr v. Narconon Fresh Start*, 72 F. Supp. 3d 1138, 1141 (D. Nev. 2014).

Here, the parties do not dispute the validity of the Settlement Agreement or the NDA. Rather, Defendants argue that Plaintiff fails to state a claim for breach of contract because the Amended Complaint "does not sufficiently allege a material breach by Chattem, or damages as a result of any such breach." (Mot. to Dismiss ("MTD") 8:17–21, ECF No. 15).

#### 1. Breach

In its Amended Complaint, Plaintiff offers three allegations related to Chattem's alleged breach of contract. The Court will now address each of Plaintiff's breach allegations.

##### a. Allegation 1

Plaintiff first alleges that "Chattem was required to inform [Plaintiff] of any potential sale of Chattem pursuant to [Section] 24 of the Settlement Agreement, in order to ensure

---

[1] While several of Plaintiff's allegations rely on the Settlement Agreement and the NDA, Plaintiff did not include said documents with its Amended Complaint, (ECF No. 8). Defendants, however, attach the Settlement Agreement and the NDA, as an exhibit to the instant Motion to Dismiss. (*See* Ex. 2 to MTD, ECF No. 15). Accordingly, the Court will consider the Settlement Agreement and the NDA in determining the instant Motion. *See Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010) (holding that on a motion to dismiss, a court may consider documents outside the complaint when the contents of the document are alleged in the complaint, the document's authenticity is not in question, and there are no disputed issues as to the document's relevance).

[Plaintiff] that the new buyer would assume Chattem's obligations under the Settlement Agreement and the NDA." (Am. Compl. ¶ 49, ECF No. 8).

Contracts are construed from the written language of the document and enforced as written. *See Ellison v. Cal. State Auto, Ass'n*, 797 P.2d 975, 977 (Nev. 1990). Moreover, "failure to perform one's obligations within the express terms of an agreement constitutes a literal breach of contract." *Saini v. Int'l Game Tech.*, 434 F. Supp. 2d 913, 923 (D. Nev. 2006). A party cannot breach an obligation that was not in the contract. *See Contreras v. Am. Family Mut. Ins. Co.*, 135 F. Supp. 3d 1208, 1224 (D. Nev. 2015) (holding that contract law was not suited to address plaintiff's claims because no contractual provision covered the alleged conduct).

Here, regarding Plaintiff's first breach allegation, Plaintiff relies on Section 24 of the Settlement Agreement. Section 24 provides, in relevant part, that "Chattem shall not Transfer or permit a Transfer of a Controlling Interest in Chattem's voting securities . . . unless the buyer of any such Interest ("Buyer") assumes all of Chattem's obligations in, to and arising from this [Settlement] Agreement and the NDA (the "Assumption Condition")." (Settlement Agreement at 4, Ex. 2 to MTD, ECF No. 15). Further, Section 24 requires Chattem to "provide Plaintiff with a statement accepting the Assumption Condition from the Buyer *upon closing of any such sale*." (*Id.*) (emphasis added). Noticeably absent from Section 24 is any language obligating Chattem to inform Plaintiff of any "potential" sales, as Plaintiff alleges in its Amended Complaint. Rather, it was only "upon closing" of the sale that Chattem was required to provide Plaintiff with a statement from Sun (*i.e.*, the buyer) in which Sun assumed all of Chattem's obligations arising from the Settlement Agreement and the NDA. Because Chattem cannot breach an obligation that was not in the contract, Plaintiff's first breach allegation fails. *See Contreras v. Am. Family Mut. Ins. Co.*, 135 F. Supp. 3d 1208, 1224 (D. Nev. 2015).

///

b.  <u>Allegation 2</u>

Next, Plaintiff alleges that Chattem breached when it failed to disclose Sun's acquisition of Chattem, as was required by Section 24 of the Settlement Agreement. (*See* Am. Compl. ¶¶ 51, 52).  Specifically, Plaintiff contends that Chattem failed to provide Plaintiff with a statement from Sun in which Sun assumes Chattem's obligations under the Settlement Agreement and the NDA. (*Id.*).  Plaintiff alleges, and Section 24's language confirms, that this statement was to be provided upon the closing of Chattem's sale.

Regarding this allegation, Defendants argue that Plaintiff does not state a claim upon which relief can be granted "because Chattem did disclose the sale as required by [Section] 24 of the Settlement Agreement." (MTD 8:24–27).  As evidence of Chattem's compliance, Defendants submit a letter dated December 1, 2008, signed by Jitendra Doshi, President of Chattem, and addressed to Richard Herman, Plaintiff's founder and manager. (Dec. 1, 2008 Letter, Ex. 3 to MTD, ECF No. 15); (*see* Am. Compl. ¶¶ 9, 23).  The letter states: "Sun Pharmaceutical Industries, Inc. acquired the outstanding capital stock of Chattem. . . . As required by Section 24 of the Settlement Agreement, Chattem is providing you with a copy of the attached Assignment and Assumption Agreement dated November 24, 2008[.]" (Dec. 1, 2008 Letter, Ex. 3 to MTD).  In the Motion to Dismiss, Defendants assert that an agent of Chattem sent the letter and the "Assignment and Assumption Agreement" to Plaintiff via certified mail. (MTD 8:24–9:19); (*see also* Kedrowski Decl., MTD at 27–28, ECF No. 15).  Defendants invite the Court to consider the December 1, 2008 Letter in determining the instant Motion.

A district court may, but is not required to, incorporate by reference documents outside the pleadings. *See, e.g.*, *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) (observing that a court "may consider" evidence that is incorporated by reference); *Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1159–60 (9th Cir. 2012).  A court may consider materials if (1) the

authenticity of the materials is not disputed, and (2) the plaintiff has alleged the existence of the materials in the complaint or the complaint "necessarily relies" on the materials. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (citation omitted). However, a court should refrain from incorporating documents by reference in circumstances where the facts given in the incorporated document "only serve to dispute facts stated in the well-pleaded complaint." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998, 1003 (9th Cir. 2018).

Here, Plaintiff disputes the authenticity of the December 1, 2008 Letter. (*See* Resp. 13:16–20). Additionally, Plaintiff has neither alleged the existence of the letter in its Amended Complaint, nor does the Amended Complaint rely on the letter. Moreover, Defendants submit the letter as an exhibit to the Motion to Dismiss only to dispute facts stated in the Amended Complaint—namely, that Chattem failed to provide Plaintiff with a statement from Sun, in which Sun assumes Chattem's obligations under the Settlement Agreement and the NDA. For these reasons, the Court will not consider the December 1, 2008 Letter at this time. As such, the Court finds that Plaintiff has provided sufficient factual content to support this breach allegation.

### c. Allegation 3

Lastly, Plaintiff avers that Chattem breached the Settlement Agreement and the NDA when Chattem disclosed "H&H Confidential Information" to Sun without Plaintiff's permission. (Am. Compl. ¶ 53). Defendants argue that Plaintiff does not sufficiently allege Chattem's disclosure of confidential information to Sun. (*See* MTD 10:6–9). However, the Court disagrees.

The factual allegations in the Amended Complaint identify and describe "H&H Confidential Information" as information owned by Plaintiff, including trade secrets and other designs, technology, strategies, and plans "with respect to the H&H Conversion Methods and a report developed by Fluor Daniels and Jacobs Engineering regarding certain aspects of the

H&H Conversion Methods." (Am. Compl. ¶ 12).  Moreover, Plaintiff alleges that in October 2013, Plaintiff "learned that Sun was applying for FDA and DEA licenses using H&H's processes, which evidences Chattem's violation of the NDA." (*See id.* ¶¶ 45–46).  As such, Plaintiff's third breach allegation is sufficiently pled.

### 2.   *Damages*

Plaintiff states that "as a direct and proximate result of [Chattem's breach], Plaintiff has been damaged in an amount in excess of $10,000.00." (*Id.* ¶ 55).  In the Motion to Dismiss, Defendants argue that "[Federal Rule of Civil Procedure] 8 demands more than Plaintiff's bare conclusion that 'it has been damaged.'" (MTD 10:19–22).  Plaintiff responds that:

> Because of Chattem's decision not to abide by the material terms in the Settlement Agreement and the NDA, H&H was damaged by not being given the opportunity to protect its Confidential Information prior to disclosure to Sun. Since the Confidential Information was improperly disclosed to a third party, H&H lost its ability to prevent others from using its technology and competing directly with H&H and other entities to which H&H has licensed the Confidential Information.

(Resp. 14:7–12, ECF No. 22).  Drawing, as it must, from its judicial experience and common sense, the Court finds that Plaintiff's damage allegations provide sufficient factual content to meet the *Twombly/Iqbal* plausibility standard. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

In sum, Plaintiff has established the elements of a breach of contract claim. Accordingly, Defendants' Motion to Dismiss is denied as to Plaintiff's first claim.

### B.  Claim 2: Contractual Breach of the Implied Covenant of Good Faith and Fair Dealing Against Chattem

Under Nevada law, "[e]very contract imposes upon each party a duty of good faith and fair dealing in its performance and execution." *A.C. Shaw Constr. v. Washoe Cty.*, 784 P.2d 9, 9 (Nev. 1989) (quoting Restatement (Second) of Contracts § 205).  To establish a claim for

breach of the implied covenant of good faith and fair dealing, a plaintiff must prove: (1) the existence of a contract between the parties; (2) that the defendant breached its duty of good faith and fair dealing by acting in a manner unfaithful to the purpose of the contract; and (3) the plaintiff's justified expectations under the contract were denied. *See Perry v. Jordan*, 900 P.2d 335, 338 (Nev. 1995) (citing *Hilton Hotels Corp. v. Butch Lewis Prod., Inc.*, 808 P.2d 919, 922–23 (Nev. 1991)).

A contractual breach of the implied covenant of good faith and fair dealing occurs "[w]here the terms of a contract are literally complied with but one party to the contract deliberately countervenes [sic] the intention and spirit of the contract." *Hilton Hotels*, 808 P.2d at 923–24. This cause of action is different from one for breach of contract because it requires literal compliance with the terms of the contract. *See Kennedy v. Carriage Cemetery Servs., Inc.*, 727 F. Supp. 2d 925, 931 (D. Nev. 2010).

Here, the Amended Complaint alleges that "[Plaintiff] expected to be aware of any potential sales of Chattem to another company, in an effort to ensure that the H&H Confidential Information remain safe and undisclosed," and that Plaintiff's justified expectations were denied. (Am. Compl. ¶ 63). Defendants argue that Plaintiff's expectation to be aware of any potential sales of Chattem is contrary to the Settlement Agreement because it "merely obligates Chattem to provide Plaintiff with a statement accepting the Assumption Conditions from the Buyer upon the closing of any such sale." (MTD 12:15–20). However, the Court is not persuaded. While it may be true that the terms "merely [obligate] Chattem to provide Plaintiff with a statement accepting the Assumption Conditions from the Buyer upon the closing of any such sale," it does not necessarily follow that Plaintiff's expectations were *contrary* to the Settlement Agreement's terms.

The Amended Complaint also alleges two breaches of the implied covenant: (1) "Chattem breached its duty of good faith to Plaintiff when it did not provide [Plaintiff] with the

Assumption Letter from Sun, the potential buyers of Chattem," and (2) "Chattem breached the duty of good faith when it continued to send [Plaintiff] Certification Letters despite having breached the NDA prior to sending the letters." (Am. Compl. ¶ 62). Defendants argue that Plaintiff's breach allegations only constitute a literal breach of the Settlement Agreement's terms. (MTD 12:24–13:5).

"It is well established that a claim alleging breach of the implied covenants of good faith and fair dealing cannot be based on the same conduct establishing a separately pled breach of contract claim." *Shaw v. CitiMortgage, Inc.*, 201 F. Supp. 3d 1222, 1252 (D. Nev. 2016) (holding that the defendant's conduct that was a "direct and actual breach" of the subject contract could not support the plaintiff's implied-covenant claim). Plaintiff's first allegation—that Chattem breached the covenant when Chattem did not provide Plaintiff with the Assumption Letter from Sun—is the same conduct establishing Plaintiff's separately pled breach of contract claim. (*See* Am. Compl. ¶ 52). As such, this alleged conduct cannot give rise to Plaintiff's claim for breach of the implied covenant.

On the other hand, Plaintiff's second allegation—that Chattem breached the covenant when Chattem continued to send Certification Letters to Plaintiff, despite having breached the NDA prior to sending the letters—provides sufficient factual content demonstrating that Chattem literally complied with the terms of the Settlement Agreement, but contravened its intention and spirit. Accordingly, Plaintiff sufficiently alleges a breach of the implied covenant.

Lastly, Defendants argue that Plaintiff has failed to state a claim for breach of the implied covenant of good faith and fair dealing because "Plaintiff fails to allege sufficient facts to allow the Court to draw any reasonable inference that Plaintiff was damaged . . . ." (MTD 13:11–14). For the reasons set forth in Part III.A.2 *supra*, the Court disagrees.

Accordingly, Defendants' Motion is denied as to Plaintiff's second claim.

### C. Claim 3: Tortious Breach of the Implied Covenant of Good Faith and Fair Dealing Against Chattem

An action in tort for breach of the implied covenant of good faith and fair dealing "arises only 'in rare and exceptional cases' when there is a special relationship between the victim and tortfeasor." *Ins. Co. of the W. v. Gibson Tile Co.*, 134 P.3d 698, 702 (Nev. 2006). A special relationship is "characterized by elements of public interest, adhesion, and fiduciary responsibility." *Great American Ins. v. General Builders*, 934 P.2d 257, 263 (Nev. 1997). A relationship between partners of partnerships constitutes a special relationship. *Gibson Tile Co.*, 134 P.3d at 702. This relationship, like other special relationships, has "a special element of reliance." *Id.* The Supreme Court of Nevada has "recognized that in these situations involving an element of reliance, there is a need to 'protect the weak from the insults of the stronger' that is not adequately met by ordinary contract damages." *Id.* (citation omitted). In addition, this tort remedy has been extended to certain situations in which one party holds "vastly superior bargaining power." *Id.* (quoting *Aluevich v. Harrah's*, 660 P.2d 986, 987 (Nev. 1983)).

Here, Plaintiff alleges that "[a]s partners in a partnership, pursuant to the verbal partnership agreement formed on December 6, 2000, . . . Chattem and [Plaintiff] shared a special relationship that was characterized by elements of public interest, adhesion and fiduciary responsibility." (Am. Compl. ¶ 69). Defendants argue that Plaintiff fails to state a claim because (1) Plaintiff and Chattem are not partners, and thus, no special relationship exists; (2) Plaintiff has not sufficiently alleged Chattem's tortious breach of the covenant; and (3) Plaintiff has not sufficiently alleged damages as a result of any such breach. (MTD 13:22–14:22).

Turning first to the special relationship element, Defendants explain, and the Court agrees, that any partnership that may have existed as a result of the December 6, 2000 verbal partnership agreement, was explicitly terminated by the Settlement Agreement. (MTD 13:22–28). Specifically, Section 17 of the Settlement Agreement states:

> Except as set forth in this Agreement, the NDA, and any joint stipulations to a court, *to the extent that there was any partnership*, license, or joint venture by and between the Parties on the Effective Date (and Defendants alleged there are none), this Agreement *shall terminate any such relationship* by and between the Parties without any obligation of any Party to account to any other Party.

(Settlement Agreement at 3, Ex. 2 to MTD, ECF No. 15) (emphasis added). In its Response, Plaintiff does not dispute Defendants' contention that the Settlement Agreement terminated the 2000 verbal partnership agreement. (*See* Resp. 15:3–14). Still, Plaintiff points to the following language in Section 17: "Except as set forth in this Agreement, the NDA," and argues:

> It is clear from the Settlement Agreement that there is a relationship between the parties that arises from the Settlement Agreement itself and from the NDA between the parties. Therefore, under the Agreement and the NDA, there was a fiduciary and special relationship between the parties that would give rise to the tortious breach by Chattem.

(*Id.* 15:7–14). But this argument is unconvincing. First, this allegation does not appear in the Amended Complaint, thus, it cannot satisfy the special relationship element. Additionally, to the extent Plaintiff claims the relationship is one constituting a partnership, Plaintiff ignores Section 31 of the Settlement Agreement, which states: "This Agreement does not create a partnership, joint venture or formal business organization of any kind[.]" (Settlement Agreement at 5, Ex. 2 to MTD). Similarly, Plaintiff fails to provide any facts demonstrating a special relationship arising from the NDA. The Court is not "required to accept as true conclusory allegations that are contradicted by documents referred to in the complaint, and [the Court does] not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Paulsen v. CNF Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009). Therefore, the Court finds that Plaintiff's allegations fail to satisfy the special relationship element.

Regarding tortious breach of the covenant, Plaintiff merely states that "Defendants were in a superior and trusted position and engaged in grievous and perfidious misconduct, which is

the nexus and proximate cause of Plaintiff's injuries and damages." (Am. Compl. ¶ 71). But this allegation does not contain facts establishing breach or "grievous and perfidious" conduct. As such, the breach element is insufficiently pled. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 319 (2007) ("[T]he complaint must say enough to give the defendant 'fair notice of what the plaintiff's claim is and the grounds upon which it rests.'").

Accordingly, Defendants' Motion to Dismiss is granted as to Plaintiff's third claim.

### D. Claim 4: Breach of Fiduciary Duty Against Chattem

"A breach of fiduciary duty claim seeks damages for injuries that result from the tortious conduct of one who owes a duty to another by virtue of the fiduciary relationship." *Stalk v. Mushkin*, 199 P.3d 838, 843 (Nev. 2009). A "fiduciary relation exists between two persons when one of them is under a duty to act for or to give advice for the benefit of another upon matters within the scope of the relation." *Id.* Moreover, fiduciary relationships arise where the parties do not deal on equal terms and there is special trust and confidence placed in the superior party. *Hoopes v. Hammargren*, 725 P.2d 238, 242 (Nev. 1986). To prevail on a breach of fiduciary duty claim, the plaintiff must establish: "(1) the existence of a fiduciary duty; (2) breach of that duty; and (3) the breach proximately caused the damages." *Klein v. Freedom Strategic Partners, LLC*, 595 F. Supp. 2d 1152, 1162 (D. Nev. 2009).

Here, regarding the first element (*i.e.*, that a fiduciary duty exists), Plaintiff alleges that, "[a]s partners in a partnership agreement, Chattem and [Plaintiff] shared a special relationship, which consisted of fiduciary duties to each other." (Am. Compl. ¶ 75). However, for the reasons discussed in Part III.C *supra*, this allegation fails to state a claim upon which relief can be granted.

Plaintiff further alleges that, "Plaintiff placed great trust and confidence in Chattem and relied on Chattem honestly carrying out its obligations as set forth in the Settlement Agreement and NDA in order to ensure that H&H's Confidential Information remained secure." (Am.

Compl. ¶ 77).  Plaintiff states that, "[c]onfidential and fiduciary relations are synonymous, and may exist wherever trust and confidence is reposed by one person in the integrity and fidelity of another." (*Id.* ¶ 78).

The Nevada Supreme Court has held that fiduciary duties arise as a matter of law in certain categories of relationships, including insurers and their insured, *Powers v. United Servs. Auto. Ass'n*, 979 P.2d 1286, 1288 (Nev. 1999); attorney and client, *Cook v. Cook*, 912 P.2d 264, 266 (Nev. 1996), spouses, *id.*; fiances, *Fick v. Fick*, 851 P.2d 445, 449–50 (Nev. 1993); and corporate officers or directors and a corporation, *Leavitt v. Leisure Sports Inc.*, 734 P.2d 1221, 1224 (Nev. 1987).  In relationships falling outside these categories, Nevada law recognizes a duty owed in "confidential relationships," where "one party gains the confidence of the other and purports to act or advise with the other's interests in mind." *Perry v. Jordan*, 900 P.2d 335, 338 (Nev. 1995) (per curiam) (internal quotation marks and citation omitted). As discussed below, in Part III.E *infra*, demonstrating a confidential relationship satisfies the fiduciary duty element of claims for constructive fraud. *Giles v. Gen. Motors Acceptance Corp.*, 494 F.3d 865, 881 (9th Cir. 2007).  Nevertheless, to prevail on a breach of fiduciary duty claim, a plaintiff must establish the existence of a fiduciary duty, and thus, a fiduciary relationship.  Therefore, while Plaintiff alleges that it placed great trust and confidence in Chattem, and that the two parties had a confidential relationship, these allegations alone are insufficient to state a claim for breach of fiduciary duty.

Accordingly, Defendants' Motion to Dismiss is granted as to Plaintiff's fourth cause of action.

### E.  Claim 5: Constructive Fraud Against Chattem

Constructive fraud is the breach of some legal or equitable duty, which, irrespective of moral guilt, the law declares fraudulent because of its tendency to deceive others or to violate confidence. *Long v. Towne*, 639 P.2d 528, 529–30 (Nev. 1982) (citation omitted).  Constructive

fraud is characterized by a breach of duty arising out of a fiduciary or confidential relationship. *Id.* at 530 (citation omitted). A confidential or fiduciary relationship exists when one "reposes a special confidence in another so that the latter, in equity and good conscience, is bound to act in good faith and with due regard to the interests of the one reposing the confidence." *Id.* (citation omitted). A confidential relationship "may arise by reason of kinship or professional, business, or social relationships between the parties." *Perry*, 900 P.2d at 337–38; *cf. Roberts v. Sears, Roebuck & Co.*, 573 F.2d 976, 983 (7th Cir. 1978) ("[T]here are no hard and fast rules for determining whether a confidential relationship exists.").

Here, the Amended Complaint alleges that, "[a]s partners in a partnership agreement, Chattem and [Plaintiff] shared a special relationship which consisted of fiduciary duties to each other." (Am. Compl. ¶ 84). But, as explained in Part III.C *supra*, the language of the Settlement Agreement directly contradicts any allegation that Plaintiff and Chattem are partners. Therefore, to the extent Plaintiff bases a fiduciary or confidential relationship on said partnership, Plaintiff's claim fails.

Nevertheless, looking at the Amended Complaint as a whole, the Court finds that Plaintiff sufficiently alleges a confidential relationship. Indeed, Plaintiff avers that "Plaintiff placed great trust and confidence in Chattem and relied on Chattem honestly carrying out its obligations as set forth in the Settlement Agreement and NDA in order to ensure that H&H's Confidential Information remained secure." (*Id.* ¶ 77). Plaintiff further states, *inter alia*, that Chattem owed Plaintiff additional duties arising from the Settlement Agreement. (*Id.* ¶ 86). Thus, Plaintiff's Amended Complaint contains sufficient factual matter to allege a confidential relationship.

Moreover, the Court finds that the Amended Complaint pleads sufficient facts demonstrating breach by misrepresentation and concealment of a material fact, as well as damages. Specifically, the Amended Complaint alleges that Chattem owed Plaintiff certain

duties, including informing Plaintiff when any buyers acquired Chattem, (*Id.* ¶ 86), and "provid[ing] Plaintiff with yearly Certification Letters, assuring Plaintiff that Chattem was still complying with the Settlement Agreement and the [NDA] and that the H&H Confidential Information was still being kept in confidentiality." (*Id.* ¶ 88). Moreover, Plaintiff alleges that Chattem breached by failing to provide Plaintiff notice that Sun purchased Chattem, and thus concealing a material fact; and by sending false certification letters which contained misrepresentations. (*Id.* ¶¶ 87, 89). Lastly, Plaintiff avers that as a proximate and direct result of Chattem's actions and omissions, Plaintiff suffered damages. (*Id.* ¶ 93); *see* Part III.A.2 *supra*. Accordingly, Defendants' Motion to Dismiss is denied as to Plaintiff's fifth cause of action.

### F. Claim 6: Fraudulent Concealment Against Chattem and Sun

To establish a prima facie case of fraudulent concealment under Nevada Law, a plaintiff must offer proof that satisfies five elements: (1) the defendant concealed or suppressed a material fact; (2) the defendant was under a duty to disclose the fact to the plaintiff; (3) the defendant intentionally concealed or suppressed the fact with the intent to defraud the plaintiff; that is, the defendant concealed or suppressed the fact for the purpose of inducing the plaintiff to act differently than she would have if she had known the fact; (4) the plaintiff was unaware of the fact and would have acted differently if she had known of the concealed or suppressed fact; and (5) as a result of the concealment or suppression of the fact, the plaintiff sustained damages. *See Nevada Power Co. v. Monsanto Co.*, 891 F. Supp. 1406, 1415 (D. Nev. 1995).

Regarding its claim against Chattem, Plaintiff alleges that each of Chattem's Certification Letters "constituted a fraudulent concealment made by Chattem." (Am. Compl. ¶ 100). By sending the letters to Plaintiff, Chattem was concealing the fact that it was not in compliance with the terms of the Settlement Agreement. (*Id.*). Plaintiff further states that, "Chattem actively concealed the fact that Sun acquired Chattem on November 25, 2008. The

sale of Chattem is a material fact that Chattem had a duty to disclose under the Settlement Agreement." (*Id.* ¶ 101). Plaintiff also claims that Chattem intentionally concealed the sale with the intent to induce Plaintiff to act differently than it would have had it learned about the sale, and that Plaintiff indeed would have acted differently because it would have "taken steps to ensure that H&H's Confidential Information did not get disclosed to Sun without Sun agreeing to assume Chattem's obligations under the Settlement Agreement." (*Id.* ¶¶ 102, 106). Plaintiff adds that Chattem intentionally concealed the fact that it disclosed H&H's Confidential Information to Sun, in an effort to induce Sun's purchase of Chattem. (*Id.* ¶ 103).

As for Sun, Plaintiff alleges that Sun intentionally concealed the sale from Plaintiff, as the initial lawsuit, *H&H Pharmaceuticals, LLC v. Chattem Chemicals, Inc., et al.*, 2:07-cv-00430-JCM-RJJ (the "Initial Lawsuit"), put Sun on constructive notice that Chattem had a profit-sharing arrangement with Plaintiff, and at the very least a partnership agreement regarding the H&H Confidential Information. (*Id.* ¶ 104). Plaintiff further alleges that Sun concealed the sale with the intent to induce Plaintiff to act differently than it would have had it known about the sale. (*Id.* ¶ 105).

Plaintiff fails to establish its constructive fraud claim against both Chattem and Sun because Plaintiff does not sufficiently allege the second element—that Chattem and Sun had a duty to disclose. In Nevada, the duty to disclose arises from the relationship between the parties. *Dow Chem. Co. v. Mahlum*, 970 P.2d 98, 110 (Nev. 1998), *overruled on other grounds by GES, Inc. v. Corbitt*, 21 P.3d 11 (Nev. 2001). A duty to disclose arises where there is a fiduciary relationship or where there is a "special relationship," such that the complaining party imparts special confidence in the defendant and the defendant reasonably knows of that confidence. *Id.* Here, Plaintiff's claim against Sun fails to allege the second element all together. Plaintiff merely alleges that Sun had constructive knowledge of a profit-sharing agreement or a partnership agreement between Chattem and Plaintiff. But even taking said

allegations as true, these facts alone do not create a special or fiduciary relationship between Sun and Plaintiff. Moreover, Plaintiff fails to establish that Chattem had a duty to disclose because Plaintiff only alleges that the sale of Chattem is a material fact that Chattem had a duty to disclose under the Settlement Agreement. However, a duty to disclose arises where there is a fiduciary relationship or where there is a special relationship. *Mahlum*, 970 P.2d at 110. Because Plaintiff does not provide sufficient factual content showing that it imparted a special confidence in Chattem and that Chattem reasonably knew of that confidence, Plaintiff fails to establish the "fiduciary or special relationship" element.

Accordingly, the Court dismisses Plaintiff's sixth cause of action as to both Defendants.

### G. Claim 7: Fraudulent Misrepresentation Against Chattem and Sun

Misrepresentation is a form of fraud where a false representation is relied upon in fact. *See Pacific Maxon, Inc. v. Wilson*, 619 P.2d 816, 818 (Nev. 1980). To state a claim for fraudulent misrepresentation in Nevada, a plaintiff must allege: (1) the defendant made a false representation; (2) the defendant knew or believed the representation to be false; (3) the defendant intended to induce plaintiff to rely on the misrepresentation; and (4) the plaintiff suffered damages as a result of his reliance. *Barmettler v. Reno Air, Inc.*, 956 P.2d 1382, 1386 (Nev. 1998). "With respect to the false representation element, the suppression or omission of a material fact which a party is bound in good faith to disclose is equivalent to a false representation, since it constitutes an indirect representation that such fact does not exist." *Nelson v. Heer*, 163 P.3d 420, 426 (Nev. 2007) (internal quotation marks omitted).

#### 1. *Plaintiff's Fraudulent Misrepresentation Claim Against Chattem*

Here, Plaintiff's claim against Chattem alleges that each of the Certification Letters Chattem sent to Plaintiff constitutes a false representation because Chattem was falsely representing that it was still fully complying with the terms of the Settlement Agreement. (Am. Compl. ¶ 112). Additionally, Plaintiff states that Chattem knew its representations were false

"because Chattem knew that the Settlement Agreement required Chattem to inform [Plaintiff] in the event another entity acquired Chattem, yet Chattem never informed [Plaintiff] about Sun's acquisition of Chattem in November 2008." (*Id.* ¶ 113). Moreover, Chattem "knew that it had disclosed H&H Confidential Information to Sun, which was in direct violation of the Settlement Agreement and the [NDA]." (*Id.*). Plaintiff further alleges that Chattem intended to induce Plaintiff to rely on the misrepresentations and that it was damaged as a result of its reliance. (*Id.* ¶¶ 114, 118, 119).

Defendants argue that Plaintiff's claim fails because it depends on the fact that Chattem did not notify Plaintiff of Sun's acquisition of Chattem; however, Chattem did provide Plaintiff with the requisite notice. (MTD 20:1–6). Defendants rely on the December 1, 2008 Letter to make this argument. However, for the reasons explained in Part III.A.1.b *supra*, the Court will not consider the December 1, 2008 Letter at this time. As such, this argument fails.

Defendants next argue that Plaintiff's claim against Chattem does not sufficiently allege reliance because Plaintiff took steps to contact its counsel to determine if a sale had occurred and because Plaintiff would have known about the sale as it was publicly announced and reported. (MTD 20:6–12). However, Plaintiff's Amended Complaint states that on November 28, 2008, Plaintiff contacted its counsel, asking whether he was aware of any sale of Chattem and that counsel "responded that he had not been contacted regarding any sale." (Am. Compl. ¶ 45). Moreover, Plaintiff states that it did not look into the matter any further "because the Certification Letter indicated that Chattem was in [f]ull [c]ompliance with the Settlement Agreement and NDA." (*Id.* ¶ 46). Plaintiff's Amended Complaint does not allege that it was aware of any public announcements or reports of the sale. Therefore, the Court finds that Plaintiff has sufficiently pled the reliance element.

Defendants also argue that Plaintiff's allegations regarding reliance and damages fail to meet the heightened pleading requirements of Federal Rule of Evidence ("Rule") 9(b). (*See*

MTD 20:13–27). Fraud has a stricter pleading standard under Rule 9, which requires a party to "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). Pleading fraud with particularity requires "an account of the time, place, and specific content of the false representations, as well as the identities of the parties to the misrepresentations." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007). Upon review of the relevant allegations, the Court finds that Plaintiff's claim against Chattem for fraudulent misrepresentation meets the stricter pleading standard under Rule 9 because Plaintiff sufficiently pleads the time, place, and specific content of the false representations, as well as the identities of the parties to the misrepresentations. (*See, e.g.*, Am. Compl. ¶¶ 36–41, 112–119).

Accordingly, Defendants' Motion to Dismiss Plaintiff's fraudulent misrepresentation claim against Chattem is denied.

### 2. Plaintiff's Fraudulent Misrepresentation Claim Against Sun

Plaintiff alleges that Sun suppressed its acquisition of Chattem from Plaintiff as it had constructive notice that Chattem had a profit-sharing arrangement with Plaintiff, and at the very least a partnership agreement regarding the H&H Confidential Information. (Am. Compl. ¶ 115). Further, "Sun's suppression of the sale from [Plaintiff] equates to a false representation, as it constitutes an indirect representation that such a fact does exist." (*Id.* ¶ 116). Defendants argue that Plaintiff has not pleaded facts establishing Sun's duty to disclose. (MTD 21:1–6).

Omissions generally do not support misrepresentation claims. *See Epperson v. Roloff*, 719 P.2d 799, 803 (Nev.1986). However, where a party is bound in good faith to disclose information, the suppression or omission of a material fact is "equivalent to a false representation, since it constitutes an indirect representation that such fact does not exist." *Nelson v. Heer*, 163 P.3d 420, 426 (Nev. 2007). Here, Plaintiff has not alleged facts

establishing that Sun is bound in good faith to disclose information. Therefore, Plaintiff has not established the "false representation" element.

Accordingly, Defendants' Motion to Dismiss Plaintiff's fraudulent misrepresentation claim against Sun is granted.

### H. Claim 8: Negligent Misrepresentation Against Chattem and Sun

In Nevada,

> a claim for negligent misrepresentation requires a plaintiff to plead: 1) a representation that is false; 2) that the representation was made in the course of the defendant's business or in any action in which he has a pecuniary interest; 3) the representation was for the guidance of others in their business transactions; 4) the representation was justifiably relied upon; 5) that such reliance resulted in pecuniary loss to the relying party; and 6) that the defendant failed to exercise reasonable care or competence in obtaining or communicating the information.

*G.K. Las Vegas Ltd. P'ship v. Simon Property Group, Inc.*, 460 F. Supp. 2d 1246, 1262 (D. Nev. 2006).

### 1. *Plaintiff's Negligent Misrepresentation Claim Against Chattem*

In the instant Motion, Defendants argue that Plaintiff's negligent misrepresentation claim against Chattem fails because Plaintiff does not state facts establishing the element of justifiable reliance. (MTD 21:17–19). "Lack of justifiable reliance bars recovery in an action at law for damages for the tort of deceit." *Collins v. Burns*, 741 P.2d 819, 821 (Nev. 1987) (citing *Pacific Maxon, Inc. v. Wilson*, 619 P.2d 816, 818 (Nev. 1980)). "However, this principle does not impose a duty to investigate absent any facts to alert the defrauded party his reliance is unreasonable." *Id.* (citing *Sippy v. Cristich*, 4 Kan. App. 2d 511, 609 P.2d 204, 208 (1980)). "The test is whether the recipient has information which would serve as a danger signal and a red light to any normal person of his intelligence and experience." *Id.*

Here, Plaintiff alleges that, "in the course of business in which it had a pecuniary interest and a duty to act with reasonable care," Chattem supplied Plaintiff with false information via

the Certification Letters. (Am. Compl. ¶ 123). Furthermore, "[b]ecause these Certification Letters represented an assurance to [Plaintiff] that Chattem remained in full compliance with the Settlement Agreement and Nondisclosure Agreement, [Plaintiff] justifiably relied on these Certification Letters." (*Id.* ¶ 124). Moreover, looking at other allegations in the Amended Complaint, which Plaintiff incorporates by reference, Plaintiff alleges that on November 28, 2008, Plaintiff contacted its counsel asking whether he was aware of any sale of Chattem and that counsel "responded that he had not been contacted regarding any sale." (*Id.* ¶ 45). Plaintiff avers that it did not look into the matter any further "because the Certification Letter indicated that Chattem was in [f]ull [c]ompliance with the Settlement Agreement and NDA." (*Id.* ¶ 46). Absent from the Amended Complaint are allegations of any facts that would have alerted Plaintiff that its reliance was unreasonable. To be sure, Defendants' Motion fails to point to any such allegations. Thus, the Court finds that justifiable reliance is sufficiently pled.

Defendants further argue that Plaintiff does not sufficiently allege damages. (MTD 21:17–19). However, for the reasons stated in Part III.A.2 *supra*, the Court finds that the damages element is sufficiently pled.

Accordingly, Defendants' Motion to Dismiss Plaintiff's negligent misrepresentation claim against Chattem is denied.

### 2. *Plaintiff's Negligent Misrepresentation Claim Against Sun*

Plaintiff alleges that Sun, "in acquiring Chattem without informing [Plaintiff] of the sale or agreeing to assume Chattem's obligations under the Settlement Agreement and the NDA, falsely represented to [Plaintiff] that there was no unlawful retention and exploitation of the H&H Confidential Information." (Am. Compl. ¶ 126). However, "acquiring Chattem without informing [Plaintiff] of the sale or agreeing to assume Chattem's obligations under the Settlement Agreement and the NDA," does not provide sufficient facts to establish the false representation element under Rule 9(b)'s strict pleading standard.

The Amended Complaint also alleges that Sun "failed to exercise such reasonable care or competence when it neglected to inform [Plaintiff] that it was acquiring Chattem." (Am. Compl. ¶ 127). However, for the reasons discussed in Part III.G.2 *supra*, this allegation fails. *See also Epperson v. Roloff*, 719 P.2d 799, 803 (Nev. 1986) (explaining that omissions generally do not support misrepresentation claims).

Accordingly, Defendants' Motion to Dismiss Plaintiff's negligent misrepresentation claim against Sun is granted.

## I. Claim 9: Negligence Against Chattem and Sun

To succeed on a state common law claim for negligence, a plaintiff must show: (1) a duty owed by defendants to plaintiff; (2) a breach of that duty by defendants; (3) causation; and (4) damages. *Sanchez v. Wal–Mart Stores, Inc.*, 221 P.3d 1276, 1280 (Nev. 2009).

Here, Plaintiff alleges that Chattem owed it a duty of care "as a result of its close working relationship with Plaintiff beginning in 2000. This duty of care encompasses Chattem's duty to keep the H&H Confidential Information confidential." (Am. Compl. ¶ 132). Plaintiff further alleges that Sun owed Plaintiff a duty of care "as a result of Sun's decision to engage in a close working relationship with Chattem, and Sun was on constructive notice that Chattem entered into a partnership agreement with [Plaintiff] in 2000, which thereby created a duty of care to Plaintiff." (*Id.* ¶ 134). Furthermore, Chattem breached its duty "when it disclosed the H&H Confidential Information to Sun in order to induce Sun to purchase Chattem," (*id.* ¶ 133), and Sun breached "when it failed to disclose to [Plaintiff] that it was acquiring Chattem without assuming Chattem's obligations under both the Settlement Agreement and the NDA." (*Id.* ¶ 135). Moreover, Plaintiff states that it was damaged as a proximate result of the aforementioned conduct. (*Id.* ¶ 136). Plaintiff further alleges that it discovered Chattem's sale to Sun in October 2013. (*Id.* ¶¶ 44, 45).

///

A negligence claim is governed by a two-year statute of limitations that commences to run when the aggrieved party knew, or reasonably should have known through the exercise of proper diligence, the facts giving rise to the damage or injury. NRS § 11.190(4)(e); *see Nevada Power Co. v. Monsanto Co.*, 955 F.2d 1304, 1306 (9th Cir. 1992). As such, the statute of limitations for Plaintiff's negligence claim began to run in October 2013, when Plaintiff discovered Chattem's sale. (Am. Compl. ¶¶ 44, 45). Because Plaintiff filed its Complaint, (Ex. A to Petition for Removal, ECF No. 1), on August 9, 2016, Plaintiff's negligence claim is untimely.

Accordingly, the Court dismisses Plaintiff's ninth cause of action as to both Defendants.

**J.  Claim 10: Unjust Enrichment Against Chattem and Sun**

In Nevada, the elements of an unjust enrichment claim or "quasi contract" are: (1) a benefit conferred on the defendant by the plaintiff; (2) appreciation of the benefit by the defendant; and (3) acceptance and retention of the benefit by the defendant (4) in circumstances where it would be inequitable to retain the benefit without payment. *See Leasepartners Corp. v. Robert L. Brooks Trust*, 113 Nev. 747, 942 P.2d 182, 187 (1997). Unjust enrichment is an equitable substitute for a contract, and an action for unjust enrichment therefore cannot lie where there is an express written agreement. *See Topaz Mut. Co., Inc. v. Marsh*, 839 P.2d 606, 613 (Nev. 1992) (citing *Lipshie v. Tracy Inv. Co.*, 566 P.2d 819, 824 (Nev. 1977); 66 Am. Jur. 2d Restitution §§ 6, 11 (1973)). Because the parties do not dispute that there were contracts between Plaintiff and Chattem (*i.e.*, the Settlement Agreement and the NDA), no unjust enrichment action lies here. Additionally, Plaintiff fails to state a claim against Sun because Plaintiff does not allege that Plaintiff conferred a benefit upon Sun, and merely alleges that it conferred a benefit upon Chattem. (*See* Am. Compl. ¶ 140).

Accordingly, the Court dismisses Plaintiff's tenth cause of action as to both Defendants.

///

### K. Claim 11: Civil Conspiracy Against Chattem and Sun

"An actionable civil conspiracy is a combination of two or more persons who, by some concerted action, intend to accomplish some unlawful objective for the purpose of harming another which results in damage." *Collins v. Union Fed. Sav. & Loan Ass'n*, 662 P.2d 610, 622 (Nev. 1983); *see also Cadle Co. v. Woods & Erickson, LLP*, 345 P.3d 1049, 1052 (Nev. 2015) ("In Nevada, however, civil conspiracy liability may attach where two or more persons undertake some concerted action with the intent to commit an unlawful objective, not necessarily a tort.").

Defendants' Motion characterizes this claim as a "civil conspiracy to defraud" and argues that Plaintiff fails to plead enough factual matter to survive a motion to dismiss under Rule 8(a)(2), "let alone the heightened pleading standard of Rule 9(a)." (*See* MTD 25:2–23). However, the Court does not agree that Rule 9(a) applies to the instant claim because the Amended Complaint does not allege a civil conspiracy to defraud; rather, it simply alleges a civil conspiracy. (*See* Am. Compl. ¶¶ 146–150).

The Court finds that, looking at the Amended Complaint as a whole, Plaintiff states a claim for civil conspiracy under Rule 8. To be sure, Plaintiff alleges that Defendants, working in concerted action, intended to accomplish the unlawful objectives of (1) "acquiring Chattem without assuming Chattem's obligations of both the Settlement Agreement and the NDA," and (2) "acquiring and profiting from the H&H Confidential Information without informing or compensating [Plaintiff] in any way." (*Id.* ¶¶ 147, 148). Plaintiff further alleges that it suffered damages as a result. (*Id.* ¶ 149). Therefore, Plaintiff states a claim for civil conspiracy.

Accordingly, Defendants' Motion to Dismiss is denied as to Plaintiff's eleventh cause of action.

///

///

## L.  Leave to Amend

Rule 15(a)(2) of the Federal Rules of Civil Procedure permits courts to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2).  The Ninth Circuit "ha[s] held that in dismissing for failure to state a claim under Rule 12(b)(6), 'a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

The Court finds that Plaintiff may be able to plead additional facts to support Plaintiff's third, fourth, sixth, ninth, and tenth causes of action against Chattem.  Further, the Court finds that Plaintiff may be able to plead additional facts to support Plaintiff's sixth, seventh, eighth, ninth, and tenth causes of action against Sun.  Accordingly, because the Court finds that Plaintiff may be able to plead additional facts to support these causes of action, the Court will grant Plaintiff leave to file a second amended complaint.

Plaintiff shall file its second amended complaint within twenty-one (21) days of the date of this Order if it can allege sufficient facts that plausibly establish Plaintiff's third, fourth, sixth, ninth, and tenth causes of action against Chattem; and Plaintiff's sixth, seventh, eighth, ninth, and tenth causes of action against Sun.  Failure to file a second amended complaint by this date shall result in the Court dismissing these claims with prejudice.

///

///

///

## IV.   CONCLUSION

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss, (ECF No. 15), is **GRANTED in part and DENIED in part**.  The Court dismisses Plaintiff's third, fourth, sixth, ninth, and tenth causes of action against Defendant Chattem **without prejudice**.  Additionally, the Court dismisses Plaintiff's sixth, seventh, eighth, ninth, and tenth causes of action against Defendant Sun **without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff is **GRANTED** leave to amend consistent with the foregoing.  Plaintiff shall have twenty-one (21) days from the date of this Order to file a second amended complaint, should Plaintiff elect to do so.  Failure to file a second amended complaint by this date shall result in the Court dismissing the above-mentioned claims with prejudice.

**DATED** this ___23___ day of January, 2020.

_____

Gloria M. Navarro, District Judge
United States District Court