# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | | |
|---|---|---|
| H&H PHARMACEUTICALS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 2:16-cv-02148-GMN-VCF |
| vs. | ) | |
| | ) | **ORDER** |
| CHATTEM CHEMICALS, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Pending before the Court is the Motion for Summary Judgment, (ECF No. 89), filed by Defendants Chattem Chemicals, Inc. ("Chattem") and Sun Pharmaceuticals Industries, Inc. ("Sun") (collectively, "Defendants").  Plaintiff H&H Pharmaceuticals, LLC ("Plaintiff") filed a Response, (ECF No. 96), and Defendants filed a Reply, (ECF No. 99).

Also pending before the Court is the Motion to Strike, (ECF No. 104), filed by Plaintiff. Defendants filed a Response, (ECF No. 108), and Plaintiff filed a Reply, (ECF No. 109).[1]

Also pending before the Court is the Motion for Leave to Supplement, (ECF No. 111), filed by Plaintiff.  Defendants filed a Response, (ECF No. 114), and Plaintiff filed a Reply, (ECF No. 116).[2]

///

///

---

[1] Defendants admit that they violated the Court's local rules by filing an additional reply brief. (Resp. Mot. Strike 1:25–26, ECF No. 108); *see* Dist. Nev. LR 7-3(a) ("Parties must not circumvent [the rule regarding page limits] by filing multiple motions.").  Defendants nonetheless argue that good cause exists to permit the violation because "[a] case should, whenever possible, be decided on the merits." (Resp. Mot. Strike 2:5 (quoting *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1089 (9th Cir. 2010))).  Having reviewed the improper filing, the Court finds it does not contain any legal arguments and is therefore unnecessary to decide the case on the merits.  The Court GRANTS Plaintiff's Motion to Strike.

[2] Because the Court resolves the Motion for Summary Judgment without addressing any issues to which the supplement is pertinent, the Court DENIES Plaintiff's Motion for Leave to Supplement.

Also pending before the Court is the Motion to Seal, (ECF No. 112), filed by Plaintiff. Defendants filed a Response, (ECF No. 115).[3]

For the reasons discussed below, the Court **GRANTS** Defendant's Motion for Summary Judgment.

I.    **BACKGROUND**

This case arises from a dispute concerning the rights and obligations originating from a settlement agreement and a nondisclosure agreement between Plaintiff and Chattem.  Plaintiff is a partnership limited liability company that was founded in 1999 by Richard Herman ("Herman") and Jacob Hack ("Hack"). (Dep. Richard Herman 14:3–12, Ex. A to Mot. Summ. J., ECF No. 89-1).  Plaintiff was formed to market the processes Hack developed for converting certain substances into opiate-based raw materials. (*Id.* 14:16–15:2, Ex. A to Mot. Summ. J.).

Chattem is a corporation that manufactures active pharmaceutical ingredients ("APIs"). (Decl. Jason P. Allen ¶ 4, Ex. C to Mot. Summ. J., ECF No. 89-5).  In 2000, Plaintiff and Chattem entered into a confidentiality agreement regarding Plaintiff's disclosure of its chemical processes to Chattem. (Confidentiality Agreement dated October 17, 2000, Ex. 5 to Resp. Mot. Summ. J., ECF No. 96-5).  This confidentiality agreement and the related business dealings regarding Plaintiff's chemical processes later became the subject of Plaintiff's first lawsuit against Chattem in 2007. (*See generally* First Am. Compl. Prior Lawsuit, Ex. I to Mot. Summ. J., ECF No. 89-11).

_____

[3] The public has a presumptive right to inspect and copy judicial records and documents. *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).  When a party requests to seal a document in connection with a motion for summary judgment, a court may seal a record only if it finds "compelling reasons" to support such treatment and articulates "the factual basis for its ruling, without relying on hypothesis or conjecture." *Ctr. For Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096–97 (9th Cir. 2016); *Kennedy v. Watts*, No. 3:17-cv-0468, 2019 WL 7194563, at *2 (D. Nev. Dec. 23, 2019) (applying compelling reasons standard to sealing request made in connection with motion for summary judgment).  The parties agree that the exhibit Plaintiff wishes to file under seal contains sensitive and confidential information subject to the parties' Stipulated Protective Order. (Resp. Mot. Seal 1:21–26).  For good cause appearing, the Court GRANTS Plaintiff's Motion to Seal.

1    Plaintiff and Chattem ultimately reached a settlement agreement in the 2007 lawsuit,

2    which then became the subject of the instant lawsuit. (*See generally* 10/10/07 Settlement

3    Agreement, Ex. L to Mot. Summ. J., ECF No. 89-14).  Plaintiff alleges that Chattem breached

4    the Settlement Agreement by failing to inform Plaintiff that Sun was acquiring Chattem,

5    disclosing Plaintiff's confidential information to Sun, and improperly using Plaintiff's

6    confidential information to the financial benefit of Chattem and Sun. (Resp. 3:12–16).

7    Following this Court's Order granting in part and denying in part Defendants' Motion to

8    Dismiss, six of Plaintiff's claims remained, five of which are against Chattem: (1) breach of

9    contract; (2) contractual breach of the implied covenant of good faith and fair dealing;

10   (3) constructive fraud; (4) fraudulent misrepresentation; and (5) negligent misrepresentation.

11   (*See* Order, ECF No. 58).  A civil conspiracy claim also remained, but against both Chattem

12   and Sun. (*Id.*).

13   ## II.    <u>LEGAL STANDARD</u>

14       The Federal Rules of Civil Procedure provide for summary adjudication when the

15   pleadings, depositions, answers to interrogatories, and admissions on file, together with the

16   affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant

17   is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  Material facts are those that

18   may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986).

19   A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to

20   return a verdict for the nonmoving party. *Id.*  "The amount of evidence necessary to raise a

21   genuine issue of material fact is enough 'to require a jury or judge to resolve the parties'

22   differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir.

23   1983) (quoting *First Nat'l Bank v. Cities Serv. Co*., 391 U.S. 253, 288–89 (1968)).  "Summary

24   judgment is inappropriate if reasonable jurors, drawing all inferences in favor of the nonmoving

25   party, could return a verdict in the nonmoving party's favor." *Diaz v. Eagle Produce Ltd.*

*P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008).  A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims or defenses." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court applies a burden-shifting analysis.  "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial.  In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (internal citation and quotation marks omitted).  In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *Celotex Corp.*, 477 U.S. at 323–24.  If the moving party fails to meet its initial burden, summary judgment must be denied, and the court need not consider the nonmoving party's evidence. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor.  It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).  However, the nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible

discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts," *Orr v. Bank of Am.*, 285 F.3d 764, 783 (9th Cir. 2002). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252. In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex Corp.*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249. The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id*. at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

## III.   DISCUSSION

Defendants seek summary judgment on all six remaining claims. (*See generally*, Mot. Summ. J.). Pertinent to the Court's analysis, however, is the issue of damages. Five of the six surviving claims require proving damages to succeed, including: (1) breach of contract; (2) contractual breach of the implied covenant of good faith and fair dealing; (3) fraudulent misrepresentation; (4) negligent misrepresentation; and (5) civil conspiracy. To that end, Defendants maintain that Plaintiff cannot prove damages, and the Court agrees. As a result, the Court will begin its discussion with damages and then turn to constructive fraud.[4]

///

---

[4] Because proving damages is dispositive of the five aforementioned claims, the Court declines to address any remaining arguments relating to those five claims.

**A. Damages**

"Summary judgment is appropriate when proof of damages is an essential element of a party's claims, and the party 'has no expert witnesses or designated documents providing competent evidence from which a jury could fairly estimate damages.'" *H&H Pharms., Inc. v. Cambrex Charles City, Inc.*, No. 2:16-cv-02946-RFB-BNW, 2020 WL 1258257, at *3 (D. Nev. Mar. 16, 2020), *aff'd*, 836 F. App'x. 619 (9th Cir. 2021) (quoting *Weinberg v. Whatcom County*, 241 F.3d 746, 751 (9th Cir. 2001)). Here, proof of damages is an essential element of five of the six remaining claims. *See id.* (noting that proof of damages is an essential element of breach of contract claims, contractual breach of implied covenant of good faith and fair dealing claims, and negligent misrepresentation claims); *Barmettler v. Reno Air, Inc.*, 956 P.2d 1382, 1386 (Nev. 1998) (listing damage to plaintiff as element of fraudulent misrepresentation claim under Nevada law); *Collins v. Union Fed. Sav. & Loan Ass'n*, 662 P.2d 610, 622 (Nev. 1983) ("An actionable civil conspiracy is a combination of two or more persons who, by some concerted action, intend to accomplish some unlawful objective for the purpose of harming another which results in damage.").

In the present case, Defendants have demonstrated that Plaintiff failed to make a showing sufficient to establish proof of damages. In a deposition, Plaintiff's Corporate Designee testified that he did not know what amount of damages, if any, Plaintiff incurred as a result of Defendants' actions. (*See* Herman Dep. 113:6–18, Ex. A to Mot. Summ. J., ECF No. 89-3). With Defendants satisfying their burden, Plaintiff must now show that a dispute of material fact exists as to whether it has incurred damages.

Plaintiff bases its damages computation on disgorgement of profits. (Resp. 26:17–20); (*see also* Pl.'s Eleventh Suppl. Rule 26(a)(1) Initial Disclosures 14:2–9, Ex. 20 to Resp., ECF No. 96-20). "Disgorgement of profits is generally the appropriate remedy for misappropriation of a trade secret." *Mason v. Sybron Corp.*, 955 F.2d 48 (9th Cir. 1992). But Plaintiff did not

allege a claim for misappropriation of a trade secret; although the factual background of this case implicates Plaintiff's alleged trade secrets, all claims at issue arise under Nevada common law.[5]  And under Nevada law, a disgorgement award "is a measure of damages that is only available where statutorily authorized and is not a theory of recovery for a private plaintiff." *Mitchell v. Nype*, 517 P.3d 905, 906 n.3 (Nev. 2022).  Because Nevada law does not authorize disgorgement damages for any of the claims at issue here, Plaintiff's disgorgement of profits basis for damages is not legally sound.  As a result, Plaintiff fails to demonstrate a dispute of material fact on the issue of damages.  Accordingly, the Court GRANTS summary judgment as to the claims for breach of contract, contractual breach of the implied covenant of good faith and fair dealing, fraudulent misrepresentation, negligent misrepresentation, and civil conspiracy.

### B. Constructive Fraud

The only remaining claim is that of constructive fraud against Chattem.  "Constructive fraud is the breach of some legal or equitable duty which, irrespective of moral guilt, the law declares fraudulent because of its tendency to deceive others or to violate confidence." *Long v. Towne*, 639 P.2d 528, 529–30 (Nev. 1982).  "Constructive fraud is characterized by a breach of duty arising out of a fiduciary or confidential relationship." *Id.* at 530.  "A confidential or fiduciary relationship exists when one reposes a special confidence in another so that the latter, in equity and good conscience, is bound to act in good faith and with due regard to the interests of the one reposing the confidence." *Id.* (internal quotation marks omitted).

A confidential relationship "may arise by reason of kinship or professional, business, or social relationships between the parties." *Perry v. Jordan*, 900 P.2d 335, 337–38 (Nev. 1995); *see also Roberts v. Sears, Roebuck & Co.*, 573 F.2d 976, 983 (7th Cir. 1978) ("[T]here are no

---

[5] Nevada Revised Statutes provide for damages for the misappropriation of trade secrets, including unjust enrichment. *See* NRS 600A.050(1).

hard and fast rules for determining whether a confidential relationship exists.").  "Ordinarily, an arms-length contractual relationship will not support a finding of a fiduciary or confidential relationship." *Butcher v. Advanced Mineral Techs., Inc.*, No. 2:10-cv-01802-PMP-LRL, 2011 WL 810256, at *6 (D. Nev. Mar. 2, 2011) (citing *Exec. Mgmt., Ltd. v. Ticor Title Ins. Co.*, 963 P.2d 465, 477 (Nev. 1998)).  Nonetheless, the Nevada Supreme Court has cited favorably to an Indiana Court of Appeals case "holding that existence of a fiduciary relationship is not the only basis for a claim of constructive fraud and that such a claim may arise between buyers and sellers." *Exec. Mgmt., Ltd.*, 963 P.2d at 477 (summarizing *Mullen v. Cogdell*, 643 N.E.2d 390, 401 (Ind. Ct. App. 1994)).  When a constructive fraud claim arises between buyers and sellers, the confidential relationship must arise out of the duties owed as part of the buyer-seller relationship and not out of the formation of a contract. *See Mullen*, 643 N.E.2d at 401.

In this case, in the Order granting in part and denying in part Defendants' Motion to Dismiss, the Court found that Plaintiff sufficiently alleged a confidential relationship based on Plaintiff's allegation that it placed great trust and confidence in Chattem and that Chattem owed Plaintiff additional duties arising from the Settlement Agreement. (*Id.* 17:15–22).  The Settlement Agreement formed an arms-length contractual relationship.  Therefore, the ongoing contractual obligations notwithstanding, something more than these obligations must exist to form the basis for a confidential relationship. *Cf. Butcher*, 2011 WL 810256, at *6.  Although the Court found that Plaintiff sufficiently alleged a confidential relationship based on more than the Settlement Agreement alone, at the summary judgment stage, Plaintiff must come forward with evidence of this confidential relationship. *C.A.R. Transp. Brokerage Co.*, 213 F.3d at 480.

Defendants argue that no evidence of a confidential relationship exists between Plaintiff and Chattem after they entered the 2007 Settlement Agreement. (Mot. Summ. J. 21:27–28).  In fact, the Settlement Agreement terminated any partnership or business relationship between Plaintiff and Chattem "without any obligation of any Party to account to any other Party."

1  (Settlement Agreement ¶ 17, Ex. L to Mot. Summ. J., ECF No. 89-14).  The Settlement

2  Agreement further stated the following:

> Plaintiff shall have the absolute, unconditional and unfettered right to compete with Defendants in any business endeavor and with any Person Plaintiff so chooses at any time.  Defendants shall have the absolute, unconditional and unfettered right to compete with Plaintiff in any business endeavor and with any other Person Defendant so chooses at any time, provided, however, that Defendants shall not have the right to compete with Plaintiff insofar that such competition will cause the use or disclosure of H&H Trade Secrets.

8  (*Id.*).  Moreover, Defendants assert that "[b]y nature of their opposing positions in the First

9  Lawsuit, it was clear that [Plaintiff] and Chattem stood in an adversarial relationship, as

10  opposed to a confidential relationship," before entering into the Settlement Agreement. (*Id.*

11  21:21–22).  The Court finds that Defendants meet their initial burden by demonstrating the lack

12  of evidence of a confidential relationship.

13  In response, Plaintiff argues that the "2007 Settlement Agreement gives rise to the

14  special relationship between the parties." (Resp. 23:6–7).  As noted above, an arms-length

15  contractual agreement cannot form the basis of a confidential relationship on its own.  Plaintiff

16  argues that the alleged partnership between Plaintiff and Chattem that existed "*prior* to the First

17  Litigation and *prior* to engaging in the original settlement discussions in 2007" supports a

18  finding that Plaintiff and Chattem had a confidential relationship, or at least demonstrates that a

19  dispute of material fact exists on this issue. (*Id.* 17–18) (emphasis added).  But as Defendants

20  emphasize, Plaintiff's constructive fraud claim requires evidence of a "newly developed special

21  relationship between the parties *after* they entered" the Settlement Agreement. (Mot. Summ. J.

22  21:27–28) (emphasis in original).

23  Because Plaintiff fails to present any evidence of a confidential relationship beyond an

24  arms-length contractual relationship and a terminated business relationship, the Court

25  GRANTS summary judgment for Defendants on Plaintiff's constructive fraud claim.

## IV.     CONCLUSION

**IT IS HEREBY ORDERED** that Defendants' Motion for Summary Judgment, (ECF No. 89), is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike, (ECF No. 104), is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to Supplement, (ECF No. 111), is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Seal, (ECF No. 112), is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Amended Complaint, (ECF No. 8), is **DISMISSED**.

**IT IS FURTHER ORDERED** that the Clerk of Court is instructed to enter Judgment accordingly and close the case.

**DATED** this ___28___ day of December, 2022.

_____
Gloria M. Navarro, District Judge
United States District Court