UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| H&H PHARMACEUTICALS, LLC, ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> CHATTEM CHEMICALS, INC., *et al.*, ) <br> ) <br> Defendants. ) <br> ) | Case No.: 2:16-cv-02148-GMN-VCF <br><br> **ORDER** |

Pending before the Court is the Motion for Attorney's Fees and Costs, (ECF No. 124), filed by Defendants Chattem Chemicals, Inc. ("Chattem") and Sun Pharmaceuticals Industries, Inc. ("Sun") (collectively "Defendants"). Plaintiff H&H Pharmaceuticals, LLC ("H&H" or "Plaintiff") filed a Response, (ECF No. 127), to which Defendants filed a Reply, (ECF No. 128). For the reasons discussed below, the Court **GRANTS in part** and **DENIES in part** Defendants' Motion for Attorney's Fees and Costs.

## I. BACKGROUND

This case arises from a dispute concerning the rights and obligations originating from a settlement agreement and a nondisclosure agreement between Plaintiff and Chattem.[1] On December 28, 2022, the Court granted summary judgment for Defendants on all remaining counts. (Order, ECF No. 121).[2] As the prevailing party, Defendants now move to recover attorney's fees and costs.

## II. LEGAL STANDARD

When, as here, a federal court sits in diversity, "the court is to apply state substantive law to determine whether a party is entitled to attorney's fees." *Lawson v. Lawson*, No. 3:14-

---

[1] The Court detailed the factual background of this case in its prior Orders, (ECF Nos. 58, 121), and incorporates that background herein.
[2] Plaintiff has appealed this decision. (Not. Appeal, ECF No. 125).

cv-00345-WGC, 2016 WL 1171010, at *2 (D. Nev. Mar. 24, 2016). Under Nevada law, "attorney's fees are only available when authorized by a rule, statute, or contract." *Branch Banking & Tr. Co. v. Regena Homes*, LLC, No. 2:12-cv-00451-APG-GWF, 2016 WL 4644477, at *1 (D. Nev. Sept. 6, 2016), *aff'd*, 728 F. App'x 756 (9th Cir. 2018).

In this District, Local Rule 54-14 outlines the requirements for a motion for attorney's fees. D. Nev. LR 54-14. A motion for attorney's fees must include (1) a reasonable itemization and description of the work performed; (2) an itemization of all costs sought to be charged as part of the fee award; and (3) a brief summary of the following:

> (A) The results obtained and the amount involved;
> (B) The time and labor required;
> (C) The novelty and difficulty of the questions involved;
> (D) The skill requisite to perform the legal service properly;
> (E) The preclusion of other employment by the attorney due to acceptance of the case;
> (F) The customary fee;
> (G) Whether the fee is fixed or contingent;
> (H) The time limitations imposed by the client or the circumstances;
> (I) The experience, reputation, and ability of the attorney(s);
> (J) The undesirability of the case, if any;
> (K) The nature and length of the professional relationship with the client;
> (L) Awards in similar cases; and
> (M) Any other information the court may request.

*Id.* LR 54-14(a). Additionally, the motion "must be accompanied by an affidavit from the attorney responsible for the billings in the case authenticating the information contained in the motion and confirming that the bill was reviewed and edited and that the fees and costs charged are reasonable." *Id.* LR 54-14(b).

## III. DISCUSSION

Defendants request an award of attorney's fees in the amount of $232,975.00. (Mot. Atty Fees 7:22, ECF No. 124). The parties agree that Defendants are the prevailing party and that the settlement agreement at issue in this contract case contains an applicable "prevailing party

fee" provision. (Resp. 2:3–5, ECF No. 127). At issue is whether the amount requested is reasonable.[3]

Plaintiff contests two portions of the requested fees. First, Plaintiff argues that the fees should be reduced by another $39,895.50—the fees incurred by local counsel—because local counsel failed to authenticate its own fees. (*Id.* 4:1–13). Second, Plaintiff argues that the fees should be reduced by the amount corresponding to attorney work done on Defendants' efforts to obstruct the discovery process, a minimum of $14,753.50. (*Id.* 4:14–8:9). The Court disposes of Plaintiff's arguments before assessing the reasonableness of the fee award requested as a whole.

### A. Local Counsel Fees

Plaintiff argues that the total fee award should be reduced at least by $39,895.50—the fees incurred by local counsel—because the Motion did not include an affidavit from local counsel. (Resp. 4:1–13). LR 54-14(b) requires that a motion for attorney's fees "be accompanied by an affidavit from the attorney responsible for the billings in the case authenticating the information contained in the motion and confirming that the bill was reviewed and edited and that the fees and costs charged are reasonable." Under a plain reading of the rule, LR 54-14(b) does not require a separate authentication from local counsel; all that is required is an affidavit from the attorney responsible for the billings in the case. Here, that attorney is Cicely Lubben, lead counsel for Defendants. (*See generally* Lubben Decl., Ex. A to Mot. Atty Fees, ECF No. 124-1). To the extent Defendants' Motion was deficient in this

///

---

[3] Plaintiff further contends that the Court has grounds to not award any fee at all because Defendants failed to address every category set forth in LR 54-14 in their motion. (Resp. 3:18–27). The Court finds that Defendants substantially complied with LR 54-14 and addressed the relevant factors. *See, e.g.*, *Harrington v. Tackett*, No. 3:18-cv-00028-CSD, 2022 WL 1721016, at *4 (D. Nev. May 27, 2022) (finding that "not all of the [LR 54-14] factors are relevant given the procedural posture of this case, and many of them are subsumed by the lodestar calculation).

regard, Defendants cured any deficiency by filing a declaration of Robert McCoy, local counsel for Defendants. (McCoy Decl., Ex. H to Mot. Atty Fees, ECF No. 129).[4]

### B. Fees Associated with Alleged Discovery Abuse

Plaintiff further contests some of the fees associated with discovery. (Resp. 4:14–8:9). Plaintiff argues that the fee award should be reduced by $14,753.50 because Sun's corporate representative provided evasive testimony and Sun withheld evidence, requiring the Court's intervention. (*Id.*). Defendants retort that they had a reasonable basis to oppose certain discovery requests. (Reply 4:3–21).

The alleged evasive testimony and withholding of evidence appear to be the result of the parties' differing interpretations of the phrase "sales of opiates and pro-liposome API products;" specifically, whether this phrase refers to (1) opiate API products and (2) pro-liposome API products or (1) opiate products generally and (2) pro-liposome API products. Although the magistrate judge granted Plaintiff's Motion to Compel on this matter, (*see* Min. Proceedings, ECF No. 88), the Court finds that Defendants had a reasonable basis to object to certain discovery requests, even if such objections were later overruled by the Court. The Court will not infer discovery abuse from routine motion practice.[5] Accordingly, the Court declines to reduce the fee award for alleged discovery abuse.

### C. Reasonableness of Fee Award

"In Nevada, the method upon which a reasonable fee is determined is subject to the discretion of the court, which is tempered only by reason and fairness." *Shuette v. Beazer Homes Holdings Corp.*, 124 P.3d 530, 548–49 (Nev. 2005) (internal quotation marks omitted).

---

[4] District courts have discretion to consider new evidence presented in a reply and generally exercise this discretion when the new evidence appears to be a reasonable response to the opposition. *Sweet v. Cardona*, No. C 19-03674 WHA, 2023 WL 2213610, at *10 (N.D. Cal. Feb. 24, 2023). The Court will consider this new evidence because the declaration was "filed to respond to Plaintiff's opposition and is consistent with the evidence and arguments presented in the original motion." *Edgen Murray Corp. v. Vortex Marine Constr., Inc.*, No. 18-cv-01444-EDL, 2018 WL 4203801, at *3 n.1 (N.D. Cal. June 27, 2018).

[5] No party moved for sanctions nor is there any indication in the record that the Court considered sanctions.

"One permissible method of calculation is the lodestar approach, which involves multiplying 'the number of hours reasonably spent on the case by a reasonable hourly rate.'" *Copper Sands Homeowners Ass'n, Inc. v. Copper Sands Realty, LLC*, No. 2:10-cv-00510-GMN-NJK, 2016 WL 10719389, at *2 (D. Nev. July 18, 2016), *report and recommendation adopted*, 2016 WL 10719386 (D. Nev. Sept. 27, 2016) (quoting *Shuette*, 124 P.3d at 548 n.98). Further, in determining the reasonableness of an hourly rate, courts consider the experience, skill, and reputation of the attorney requesting fees. *See, e.g.*, *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986). A reasonable hourly rate should reflect the prevailing market rates of attorneys practicing in the forum community. *Id.*; *see also Blum v. Stenson*, 465 U.S. 886, 895–96 n.11 (1984).

Defendants seek attorney's fees in the amount of $232,975.00 and costs in the amount of $21,649.25. Specifically, Defendants claim that Stinson Leonard Street incurred a total of $38,996.00 in attorney fees, Tucker Ellis LLP incurred a total of $154,083.50 in attorney fees, and Kaempfer Crowell incurred a total of $39,895.50 in attorney's fees, all on behalf of Defendants. (Lubben Decl. ¶¶ 8, 9, 11). These three law firms involved in Defendants' representation billed an hourly rate for Partners ranging from $370 to $575, an hourly rate for Of Counsel ranging from $305 to $355, an hourly rate for Associates ranging from $265 to $300, and an hourly rate for Paralegals of $195. (*See* Invoices, Ex. C to Mot. Atty Fees, ECF No. 124-3).

The Court notes that $575 is rather high for the Las Vegas market. *See Heath v. Tristar Prod., Inc.*, No. 2:17-cv-2869-GMN-BNW, 2022 WL 4134124, at *6 (D. Nev. Sept. 11, 2022) (approving hourly rate of $450 for partners "given the experience of counsel and complexity of the case" despite being over the range of hourly rates generally approved in this district). Only 0.3 hours were billed at this high-end of the range for Partners. (*See* Invoices at 61, Ex. C to Mot. Atty Fees). John Finger, Partner at Stinson Leonard Street LLP, billed these 0.3 hours,

but the Motion for Attorney's Fees and exhibits do not provide any information about Mr. Finger's experience. "Having failed to provide information to support the rate being requested, the Court will reduce attorney" Finger's rate to $370, the low-end of the range provided for Partners. *Goodman v. Kijakazi*, No. 2:22-cv-00300-NJK, 2022 WL 18034370, at *3 (D. Nev. Dec. 13, 2022), *appeal dismissed*, No. 22-16973, 2023 WL 4103938 (9th Cir. Mar. 31, 2023). At this reduced rate, the total for Finger's work amounts to $111.00, a $61.50 reduction from the original $172.50 requested. The Court further reduces the rate for Partners Sandy Wunderlich and Anthony Petruzzi to $370 and Associate Andrea Lowe to $265 because Defendants failed to provide information about these attorneys as well.[6]

Additionally, the Court finds the hourly rate of $195 for work done by a paralegal excessive. "Generally, paralegals command rates between $75 and $125." *Cap. One, Nat'l Ass'n v. SFR Invs. Pool 1, LLC*, No. 2:17-cv-00604-RFB-DJA, 2019 WL 9100174, at *7 (D. Nev. Sept. 24, 2019). The Court will reduce the rate for Paralegal Tera Carlstrom to $125.

Because Defendants did not specify how many hours were worked at what rate, Defendants have made it quite difficult for the Court to calculate these reductions. The Court can calculate the reductions needed for the invoices that include a timekeeper summary, such as the invoice for Stinson Leonard Street LLP billing 0.3 hours for John Finger. (*See, e.g.*, Invoices at 61, Ex. C to Mot. Atty Fees). But the invoice for Tucker Ellis LLP, which contains the hours billed for Wunderlich, Petruzzi, and Lowe, and the invoice for Kaempfer Crowell, which contains the hours billed for Carlstrom, make it nearly impossible for the Court to efficiently reduce the rates because it does not contain a timekeeper summary. (*See* Ex. D & F to Mot. Atty Fees). Accordingly, the Court exercises its discretion to reduce the award by "no more than a haircut" of the fees associated with Tucker Ellis LLP and Kaempfer Crowell.

---

[6] Defendants also failed to provide information about Attorney Jamie Boyer, but Boyer's rate is already at the low-end of the range for Partners. (Invoices at 61, Ex. C to Mot. Atty Fees). Accordingly, the Court will not reduce the amount billed for work done by Boyer.

*Copper Sands*, 2016 WL 10719389, at *2 (quoting *Moreno v. City of Sacramento*, 534 F.3d 1106, 1116 (9th Cir. 2008)). "Such a haircut would consist of no more than a 10% reduction in the hours sought." *Id.* Accordingly, the Court exercises its discretion to reduce the fees by 10% for Tucker Ellis LLP and Kaemper Crowell. This results in a reduction from $154,035.50 to $138,675.15 for Tucker Ellis LLP and from $39,895.50 to $35,905.95 for Kaemper Crowell. With the additional reduction of $61.50 to account for the reduction of Finger's rate, bringing the total attorney fees for Stinson from $38,996.00 to $38,934.50, the total attorney fee award the Court finds reasonable for Defendants is $213,515.60.

Having reviewed the record, the Court finds that the hours worked were reasonable given the circumstances of this case. The Court nonetheless exercises its discretion to reduce the fee requested as discussed above to account for the abnormally high hourly rates, Defendants' failure to include information about each attorney's experience, and Defendants' failure to provide a timekeeper summary for the invoices for two of the law firms. The Court further finds the costs requested reasonable and awards Defendants the costs requested in full.

## IV.   CONCLUSION

**IT IS HEREBY ORDERED** that Defendants' Motion for Attorney's Fees and Costs, (ECF No. 124), is **GRANTED in part and DENIED in part.**

**IT IS FURTHER ORDERED** that Defendants are entitled to $213,515.60 in reasonable attorney's fees and $21,649.25 in costs.

**DATED** this __14__ day of August, 2023.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT