UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| H&H Pharmaceuticals, LLC,<br>Plaintiff<br>v.<br>Chattem Chemicals, Inc., et al.,<br>Defendants | Case No. 2:16-cv-02148-CDS-EJY<br>**Order Granting in Part the Defendants' Motion for Attorney's Fees**<br>[ECF No. 195] |

On August 29, 2025, the court entered an order finding that H&H Pharmaceuticals, LLC's first amended complaint failed to sufficiently allege a Nevada Uniform Trade Secrets Act claim and that its second amended complaint was futile. Order, ECF No. 192. Accordingly, the case was dismissed with prejudice, and judgment was entered in favor of Chattem Chemicals, Inc., and Sun Pharmaceuticals Industries, Inc. *Id.*; J., ECF No. 193.

Chattem Chemicals and Sun Pharmaceutical Industries now seek attorney's fees in the amount of $407,691.50 pursuant to Federal Rules of Civil Procedure 54(d)(2), Local Rule 54-14, and the 2007 Settlement Agreement. Mot., ECF No. 195. The defendants also seek $25,202.48 in nontaxable costs. *Id.* at 5. This motion is fully briefed. Opp'n, ECF No. 201; Reply, ECF No. 202. Because I find that the defendants are the prevailing parties, I grant in part their motion for attorney's fees.

## I. Background[1]

### A. Procedural history

On December 28, 2022, the court entered an order finding that the defendants prevailed on summary judgment. Order, ECF No. 121; J., ECF No. 122. On January 17, 2023, H&H appealed. Notice, ECF No. 125.

[1] Given the length and history of this case, the court only includes background information necessary in rendering its decision on the defendants' motion for attorney's fees. The court incorporates by reference the background section in its prior order. *See* ECF No. 192.

On January 11, 2023, the defendants moved for attorney's fees. Mot. for attorney's fees, ECF No. 124. The court entered an order granting in part and denying in part the defendants' motion for attorney's fees and costs. August 2023 order, ECF No. 132. On September 11, 2023, H&H appealed this order to the Ninth Circuit. Sep. 2023 notice of appeal, ECF No. 133.

On April 23, 2024, the Ninth Circuit issued a memorandum affirming in part and vacating in part the district court's judgment with respect to H&H's tort and restitution causes of action and remanded to the district court to determine, in the first instance, whether H&H adequately pled a Nevada Uniform Trade Secrets Act (NUTSA) claim in its amended complaint in light of H&H's allegation that its conversion methods are "trade secrets, as defined in the Nevada Uniform Trade Secrets Act," and if not, whether H&H should be granted leave to replead such a claim. *See H&H Pharms., LLC v. Chattem Chemicals, Inc. (H&H I)*, 2024 WL 1734134, at *2 (9th Cir. Apr. 23, 2024). The Ninth Circuit agreed with the district court that H&H failed to present a triable issue of fact on the required element of damage to withstand summary judgment on its standalone contract claims against Chattem. *Id.* at *2. So the Ninth Circuit affirmed the district court's entry of summary judgment on those claims. *Id.*[2] The Ninth Circuit also ordered that "**[e]ach party shall bear its costs on appeal**." *Id.* at *3 (emphasis added).

On October 10, 2024, the Ninth Circuit issued a memorandum explaining that because of its decision in *H&H I*, the defendants are no longer a prevailing party under the settlement agreement. *H&H Pharms., LLC v. Chattem Chemicals, Inc. (H&H II)*, 2024 WL 4523807, at *2 (9th Cir. Oct. 18, 2024) (citing *Hopkins v. City of Sierra Vista*, 931 F.2d 524, 529 (9th Cir. 1991) ("Because we reverse and remand for further proceedings on the merits, there is no prevailing party and we must also reverse the district court's award of attorneys' fees."); *Spencer v. Klementi*, 466 P.3d 1241, 1249 (Nev. 2020) ("Because [respondents] are no longer prevailing parties on [appellant's] defamation claim, we vacate the awards of attorney fees in their favor."). The Ninth Circuit

[2] The Ninth Circuit also ordered that on remand, the district court must consider allegations of Chattem's contractual breach when determining whether H&H has already adequately pled a statutory UTSA claim, and if not, whether H&H should be granted leave to replead such a claim. *Id.* at *3.

further held that this is so even though it reversed only in part. *Id.* (citing *Long v. Coast Resorts, Inc.*, 267 F.3d 918, 925 (9th Cir. 2001)). The Ninth Circuit rejected the defendants' argument that they were still entitled to their attorney's fees and costs. *Id.* at *2. The Ninth Circuit explained that the "suit" contemplated by the settlement agreement encompasses not just the contractual claims, but also any allegation of a misappropriation of H&H's trade secrets (which were vacated and remanded). *Id.* But, the Ninth Circuit explains that on remand, the defendants may end up as the prevailing party; however, as of the date the Ninth Circuit entered its order, the defendants are no longer the prevailing party. *Id.* So the Ninth Circuit held that each party shall bear their costs on appeal. *Id.* at *2 n.2.

As a result, the court's prior order granting attorney's fees (ECF No. 132) was vacated. *See* ECF No. 168. After the remand, the court held a status conference and instructed H&H to file a motion for leave to amend in accordance with Rule 15 and the applicable local rules. Mins., ECF No. 152. In compliance with the court's instructions, H&H filed a motion to amend its amended complaint (ECF No. 157) on July 29, 2024, the court initially granted H&H's motion (ECF No. 158), but sua sponte reconsidered its decision (ECF No. 174). United States Magistrate Judge Elayna J. Youchah issued an amended report and recommendation (R&R) on February 10, 2025, recommending that the plaintiff's motion for leave to amend be denied.[3]

I entered an order adopting the amended R&R. ECF No. 192. Therein, I agreed with Judge Youchah's findings that H&H's first amended complaint (FAC) failed to sufficiently allege a NUTSA claim and that its second amended complaint (SAC) was futile. *Id.* The court

[3] The amended R&R made the following findings: H&H did not properly plead misappropriation of trade secrets claim in its FAC and granting it leave to do in the SAC would be futile. ECF No. 181 at 6. The R&R explained that H&H's misappropriation of trade secrets claim (count 1) is barred by the settlement agreement. *Id.* at 16. Judge Youchah explained that as to H&H's breach of NDA and settlement agreement (count 2), H&H cannot assert a claim that was adjudicated and affirmed on appeal in the guides of a separate breach of contract claim under the UTSA. *Id.* at 18. So, Judge Youchah recommended denying the motion to amend to the extent H&H seeks to reassert a breach of contract claim. *Id.* at 19. As to counts 3 and 4, Judge Youchah recommended denying H&H's motion to amend.

entered judgment for the defendants. ECF No. 193. H&H then filed a notice of appeal for that judgment, and the appeal remains pending. ECF No. 196.

### B. The settlement agreement

The parties settled the prior litigation on October 10, 2007, by entering into a settlement agreement. Settlement agreement, Defs.' Ex. L, ECF No. 89-14; Settlement agreement, Pl.'s Ex. 11, ECF No. 96-11. Paragraph 28 of the settlement agreement states:

> The parties agree that if suit is instituted alleging a breach of this Agreement, a breach of the NDA and/or a misappropriation of Plaintiff's Trade Secrets that the prevailing party shall have its fees and expenses, including attorneys' fees, paid by the losing party.

*Id.* at 5, ¶ 28.

## II. Legal standard

Under Federal Rule of Civil Procedure 54(d), a prevailing party that seeks attorney's fees must meet the following requirements: (1) file the motion no later than fourteen days after the entry of judgment; (2) specify the judgment and the statute, rule, or other grounds entitling the movant to the award; (3) state the amount sought or provide a fair estimate of it; and (4) disclose, if the court, so orders, the terms of any agreement about fees for the services for which the claim is made. *See* Fed. R. Civ. P. 54(d)(2). Further, Local Rule 54-14 requires any application for attorney's fees to include an attorney affidavit, "[a] reasonable itemization and description of the work performed," and "[a] brief summary" of thirteen categories of information designed to elicit more information about the case and the work that the attorneys performed. *See* LR 54-14(a)–(b).

## III. Discussion

The defendants assert that because the court dismissed this case in full and with prejudice, they are once again the prevailing parties. ECF No. 195 at 3. The defendants further contend that H&H did not previously dispute that Chattem and Sun were the prevailing parties or that they were entitled to attorney's fees and costs under the settlement agreement. *Id.* The

defendants seek $407,691.50 in fees for work performed by their attorneys, which includes $36,971.50 for Stinson Leonard Street, $315,573.50 for Tucker Ellis LLP, and $55,146.50 for Kaempfer Crowell. *Id.* at 3.

In opposition, H&H argues that the significant portion of the fees and costs that the defendants are seeking have been previously ruled on by the Ninth Circuit. ECF No. 201 at 2 (citing *H&H I* and *H&H II*). H&H argues that is it improper for the defendants "to request those same fees and costs again, for those same claims in the same case." *Id.* at 3. H&H contends that such request is improper because res judicata bars the defendants' claim. *Id.*[4] However, H&H concedes that the defendants can assert that they are the prevailing parties for purposes of attorney's fees for the contract claims. *Id.*

H&H further argues that because the defendants' fees for the tort claims are inextricably intertwined with other claims, the defendants cannot recover those fees because "the district court failed to recognize the displacing effect of the UTSA." ECF No. 201 at 4 (citing *H&H II*). In other words, H&H asserts that the defendants are not the prevailing party for those displaced claims. *Id.* at 4.

Moreover, H&H asserts that the itemized billing entries submitted by the defendants do not delineate the fees for the contract claims. *Id.* H&H argues that it is impossible for it to identify and calculate exactly which time entries apply to which claim or how much of the defendants' total fees are improper and must be denied. H&H further asserts that the court will need to apportion fees to determine what the defendants may be entitled to, *id.* at 4, and it is up to the court's discretion to apportion fees and award what may be reasonable, *id.* at 5. H&H

[4] I find H&H's res judicata argument unpersuasive for two reasons. First, H&H cites no case law to support their position concerning that awarding attorney's fees would constitute res judicata. Second, the Ninth Circuit highlighted in its *H&H II* order, "On remand, Defendants may end up as the prevailing party. But as of now, Defendants are no longer the prevailing party." *See H&H II*.

contends that the fees being requested are improper because a considerable portion of it is ineligible. *Id.* at 6.[5]

H&H further argues that its amended complaint asserted eleven claims, and that "[g]iven that 10 out of the 11 claims were displaced and the district court erred in fail[ing] to recognize that, Defendants cannot assert that they are the prevailing party for those ten displaced claims. They can assert themselves to be the prevailing party only for one of the eleven claims, *i.e.*, the sole contract claim." *Id.* at 6 (citation modified). So, as to attorney's fees, H&H contends that once the costs on appeal are removed ($101,561.50), $303,130 remains. *Id.* at 7. And one-eleventh of that amount (for only one of the eleven claims) is $27,557.27. *Id.* H&H contends that this should be the true amount of the defendants' attorney's fees, and it is subject to the Local Rule 54-14(a)(3) factors.

In reply, the defendants argue that H&H relies on a flawed reading of the Ninth Circuit's decision, that they are the prevailing parties, that their motion is well-supported, and that the fees and expenses sought are reasonable. ECF No. 202 at 2. The defendants further argue that while *H&H II* temporarily vacated the defendants' status as the prevailing parties, this issue has now been resolved, and they are again the prevailing parties. *Id.* at 3. The defendants argue that while H&H contends that the defendants are not the prevailing for the displaced claims, it is those claims, under the Nevada's Uniform Trade Secrets Acts, that this court held H&H cannot pursue. *Id.* at 3 n.1 (citing ECF No. 201 at 4).

As a threshold matter, I first address whether attorney's fees will be awarded and whether the court will exercise its discretion to limit attorney's fees.

[5] Such broad statements are unhelpful to the court. The only example H&H provides to support this argument references the itemized billing entries submitted by the defendants. *See* ECF No. 201 at 4 (citing Mot., Ex. D). But such generalized positions fail to provide the required specificity to support their opposition. *See* LR 56-14(d) (explaining "[i]f an opposition is filed, it must set forth the **specific** charges that are disputed and state with reasonable particularity the basis for the opposition. The opposition **must** include affidavits to support any contested fact") (emphasis added).

### A. Attorney's fees are permitted under the settlement agreement.

Under both federal and Nevada law, valid contractual provisions for the payment of attorney's fees constitute a sufficient source of authority for such an award. *See Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 257 (1975) ("[A]bsent statute or enforceable contract, litigants pay their own attorneys' fees."); *MRO Communs., Inc. v. AT&T Co.*, 197 F.3d 1276, 1281 (9th Cir. 1999) ("[E]ach party must bear its own attorneys' fees in the absence of a rule, statute[,] or contract authorizing such an award."); *Schouweiler v. Yancey Co.*, 712 P.2d 786, 788 (Nev. 1985) ("It is well established in Nevada that attorney's fees are not recoverable unless allowed by express or implied agreement or when authorized by statute or rule.") (citing *Sun Realty v. Eighth Judicial Dist. Court*, 542 P.2d 1072 (Nev. 1975)).

Here, the parties entered into a settlement agreement which provides that the parties "agree that if suit is instituted alleging a breach of this Agreement, a breach of the NDA and/or a misappropriation of Plaintiff's Trade Secrets that the prevailing party **shall have its fees and expenses, including attorneys' fees, paid by the losing party**." ECF No. 96-11 at 5, ¶ 28 (emphasis added). So I find that attorney's fees are permitted in this case. *See Flamingo Realty, Inc. v. Midwest Dev., Inc*, 879 P.2d 69, 73 (Nev. 1994) (explaining that under Nevada law, attorney's fees are available when authorized by rule, statute, or contract).

### B. The court awards attorney's fees and finds that the defendants are the prevailing parties pursuant to the settlement agreement.

The defendants assert that because the court dismissed this case in full and with prejudice, the defendants are once again the prevailing parties. ECF No. 195 at 3. I agree. There is no pending operative complaint because the court dismissed this case on August 29, 2025. ECF No. 192.[6] The court recognizes that the Ninth Circuit highlighted in *H&H II* that while the defendants were no longer considered the prevailing parties given their ruling in *H&H I*

[6] As discussed above, the court finds H&H's argument concerning res judicata unpersuasive. Moreover, H&H has not explained why the defendants would not be considered the prevailing parties when considering the terms of the settlement agreement and given that this case was dismissed, ECF No. 192.

(remanding and reversing in part), at remand, the defendants may end up as the prevailing party. *See H&H II*.

Indeed, that has come to fruition. A prevailing party is one who succeeds on any significant issue in litigation which achieves some of the benefit the parties sought in bringing the suit. *Van Duyn v. Baker Sch. Dist.*, 502 F.3d 811, 825 (9th Cir. 2007). The Ninth Circuit has explained that a prevailing party status requires that a party receive a judgment on the merits or obtain a court-ordered consent decree. *See Oscar v. Alaska Dep't of Educ. & Early Dev.*, 541 F.3d. 978, 981 (9th Cir. 2008) (citing *Buckhannon Board & Care Home, Inc. v. W. Va. Dep't of Health & Hum. Res.*, 532 U.S. 598, 600 (2001). On remand, the case was dismissed with prejudice and judgment was entered in favor of the defendants, so the defendants are considered the prevailing parties and are entitled to attorney's fees.

**C. The court limits the award in attorney's fees.**

In awarding the defendants' attorney's fees, I consider whether the defendants should be awarded costs on appeal. Upon consideration of the parties' arguments, I find that such costs on appeal will not be awarded.

H&H argues that the court should not permit attorney's fees to be awarded for *H&H I* and *H&H II*. In reply, the defendants assert that H&H fundamentally misinterprets the Ninth Circuit's use of the word "cost." ECF No. 202 at 4 (citing ECF No. 201 at 6). In particular, they argue that when the Ninth Circuit ordered "[e]ach party shall bear its own costs on appeal," it was essentially limited to costs defined in Fed. R. App. 39(e)(1)–(4). *Id.* at 5. In other words, the defendants argue that the federal rules do not preclude the attorney's fees or nontaxable costs to which they are entitled to under the settlement agreement. *Id.* I find the defendants' position unpersuasive.

Though the defendants cite the federal appellate rules, the Ninth Circuit's memorandums were clear in both *H&H I* and *H&H II*. That is, the Ninth Circuit clearly stated that each party would bear its own costs on appeal. The court construes this broadly and finds

that if the Ninth Circuit had limited how costs should be construed, it would have stated such limitation in its memorandum. Accordingly, I find that the attorney's fees awarded will not include costs on appeal.

The next question is how much should be limited for the costs of appeal. H&H argues that it calculated the defendants' fees related to the two prior appeals to amount to $100,561.50. ECF No. 201 at 6. So H&H asserts that the defendants are not entitled to these fees. *Id.* The defendants do not directly address H&H's argument related to their appeal fees amounting to $100,561.50. Rather, the defendants generally state that H&H misconstrued the Ninth Circuit's meaning of cost, and that the federal rules do not preclude attorney's fees and nontaxable costs. ECF No. 202 at 4–5 (citing Fed. R. App. P. 39). Because the defendants only address the general arguments on whether costs on appeal should be limited, but they fail to address H&H's argument to the amount of limitation ($100,561.50), I find that this constitutes consent to this argument. *See* LR 7-2(d). Accordingly, $101,561.50 will be reduced from the $407,691.50 attorney's fees that the defendants seek.

**D. The defendants' request for attorney's fees is reasonable.**

Under Nevada law, "the method upon which a reasonable fee is determined is subject to the discretion of the court, which is tempered only by reason and fairness." *Shuette v. Beazer Homes Holdings Corp.*, 124 P.3d 530, 548–49 (Nev. 2005) (en banc) (quotations omitted). One permissible calculation method is the "Lodestar" approach, which involves "multiplying 'the number of hours reasonably spent on the case by a reasonable hourly rate.'" *Vacation Vill., Inc. v. Clark County*, 244 Fed. App'x 785, 788 (9th Cir. 2007) (quoting *Shuette*, 124 P.3d at 549 n.98).

Courts must also review the requested amount "in light of the factors set forth in" the Supreme Court of Nevada's decision in *Brunzell*. *See Haley v. Eighth Judicial Dist. Court*, 273 P.3d 855, 860 (Nev. 2012) (citing *Brunzell v. Golden Gate Nat'l Bank*, 455 P.2d 31, 33 (Nev. 1969)). Those factors include:

> (1) the qualities of the advocate: his ability, his training, education, experience, professional standing, and skill;
> (2) the character of the work to be done: its difficulty, its intricacy, its importance, time, and skill required, the responsibility imposed and the prominence and character of the parties where they affect the importance of the litigation;
> (3) the work actually performed by the lawyer: the skill, time and attention given to the work;
> (4) the result: whether the attorney was successful and what benefits were derived.

*Brunzell*, 455 P.2d at 33. I find the defendants' motion appropriately addresses these factors. *See* ECF No. 195 at 3–5.

The court first briefly addresses H&H's argument that because its complaint asserted eleven separate numbered claims, and that ten out of the eleven claims were displaced due to the district court flawed decision, the defendants cannot assert they are the prevailing party for those ten displaced claims. ECF No. 201. H&H's argument wholly fails to consider the ultimate result in this case after remand—that is, H&H's motion for leave to amend and file a second amended complaint was denied. ECF No. 192. And this case was dismissed. *Id.*; ECF No. 193. Accordingly, the court finds the defendants' general request for attorney's fees as to all claims is reasonable.

I next address H&H's argument that the defendants' billings have high rates that are not appropriate. H&H requests that the court provide a downward correction to such high rates. *See* ECF No. 201 at 7 (referencing Defs.' time entries, Pl.'s Ex. 1, ECF No. 201-1). H&H only provides some examples of what it references as high rates and highlights the "high rates" in its exhibit. *Id.* In reply, the defendants argue that it has properly established the Lodestar method for its fees, demonstrating that they are reasonable. ECF No. 202 at 8. They further argue that Ms.

Lubben explained the rates charged were reasonable given the various attorneys' experience, and Mr. McCoy confirmed that his rate is below market for firms conducting similar work in Las Vegas. *Id.* (citing ECF No. 195-1; ECF No. 195-6).

The court uses its discretion and finds that the defendants satisfied meeting the Lodestar method and Local Rule 54-14. In particular, the defendants' motion and accompanying exhibits provide thorough descriptions of the work performed, a declaration explaining the work completed, time and labor required, requisite skill level for the services provided, information about fees charged in this case, and the experience, reputation, and ability of the attorneys who worked on the case. *See* ECF No. 195. For instance, as highlighted in the defendants' motion, Ms. Lubben has been practicing since 2002; Mr. Sasse since 2000; Ms. Wunderlich since 1991; and Mr. McCoy since 2004. *Id.* at 5 (citing attorney's bios, Defs.' Ex. B, ECF No. 195-2; McCoy's experience, Defs.' Ex. G, ECF No. 195-7); Lubben decl., Defs.' A, ECF No. 195-1; McCoy decl., Defs.' Ex. F, ECF No. 195-6.

Included in the defendants' motion for attorney's fees are fees ranging from $300, $450, $550, and $635. In particular, the court notes that hourly fees ranging from $550 and $635 are relatively high. Though this is H&H's strongest argument, it still ultimately fails. H&H asserts that this court previously held that $575 per hour is rather high for the Las Vegas market when the defendants previously asserted their fees. ECF No. 201 at 7.[7] They further argue that "some of these time entries are for work on the two prior appeals . . . [h]owever, to the extent a respective time entry is not denied by the Court, a downward correction to such high rates is respectfully requested." *Id.* at 7. Because the defendants provide extensive information as to the attorney's experience and work on various matters, I do not downward adjust the hourly rate. Rather, the court has granted alternative relief as explained above. Accordingly, I find that the attorney's

---

[7] I note that the court previously reduced the attorney's rate because there was no information about Mr. Finger's experience, so the court reduced attorney Finger's rate to the low-end of the range provided for partners. ECF No. 132 at 6.

fees requested to be reasonable and a downward adjustment to be unwarranted. So I award $306,130.00 in attorney's fees.[8]

**E. The defendants' request for nontaxable costs is granted in part.**

The defendants seek $25,202.48 in nontaxable costs. ECF No. 195 at 5 (citing Lubben decl., Defs.' Ex. A, ECF No. 195-1 at 18–19; Invoices, Defs.' Ex. C, ECF No. 195-3; Billed costs, Defs.' Ex. E, ECF No. 195-5; Cost report, Defs.' Ex. I, ECF No. 195-9).

In opposition, H&H asserts that the court should award a maximum of $2,012.27 in costs. To support its position, H&H argues that the Ninth Circuit held that each party must bear its own fees and costs for both appeals. ECF No. 201 at 8. Further, H&H contends that the defendants' costs include travel and dining costs pertaining to the defendants' handling the *H&H I* and *H&H II* appeals. *Id.* H&H argues that the defendants would not be entitled $3,067.49, and after the cost is reduced to $22,134.99, it should be apportioned to the one out of eleven claims that the defendants can assert entitlement to, which adjusts the defendants' claim down to $2,012.27. *Id.*[9]

Non-taxable costs may be recovered along with attorney's fees pursuant to Federal Rule of Civil Procedure 54(d)(2). The Local Rules further define taxable and non-taxable costs. *See* LR 54-1–LR 54-11. However, the court retains discretion to refuse to award costs to the prevailing party provided the court specifies its reasons for doing so and refuses for a permissible reason. *See Ass'n of Mexican-Am. Educators v. California*, 231 F.3d 572, 591–92 (9th Cir. 2000).

Here, I find that a reduction in the amount of $3,067.49 is appropriate,[10] as these fees are associated with dining costs pertaining to the defendants handling the Ninth Circuit appeals.

---

[8] This amount is calculated given the court's decision to not include costs on appeal. The defendants' request for attorney's fees includes $407,691.50, ECF No. 195. But the court reduces this amount by $101,561.50 as to exclude costs of appeal.

[9] I find that apportionment is not appropriate in this case because the defendants are the prevailing party pursuant to the settlement agreement.

[10] Although the defendants address H&H's argument concerning apportionment, they do not directly address in their reply H&H's argument concerning whether $3,067.49 is an appropriate amount to be reduced considering the Ninth Circuit's ruling that each party must bear the costs on appeal. *See* ECF No.

Accordingly, the court uses its discretion and awards the defendants $19,067.50 in nontaxable costs.

## IV. Conclusion

IT IS THEREFORE ORDERED that the defendants' motion for attorney's fees **[ECF No. 195] is GRANTED in part as set forth in this order**. The clerk of court is kindly instructed to enter an amended judgment in favor of defendants Chattem Chemicals, Inc. and Sun Pharmaceuticals Industries, Inc. and against plaintiff H&H Pharmaceuticals, LLC in the amount of $306,130.00 in attorney's fees and $19,067.50 in nontaxable costs.

Dated: July 30, 2026

_______________________________
Cristina D. Silva
United States District Judge

---

202 at 4–6, 9. So I find that this constitutes consent to H&H's position in reducing the amount in costs by $3,067.49.